SETH W. HARDIN

*v.*

JAMES V. S. CRATE.

1. DEED—*presumption as to time of delivery.* It will be presumed, in the absence of sufficient evidence to the contrary, that a deed for land was delivered on the day it bears date, although it was acknowledged afterwards.

2. LIMITATION—*color of title.* A sheriff's deed for land sold for taxes is color of title under the limitation law of 1839, but a contract for the sale of land is not, of itself, color of title.

3. SAME—*payment of taxes while color of title remains in party acquiring it in bad faith, avails nothing.* If a party acquires color of title in bad faith, and makes a contract to sell the land to another, who pays taxes on the same before the vendor parts with his color by a conveyance, such

payments will be unavailing to the purchaser, under the limitation law of 1839.

4. But if the color of title was acquired in good faith by the vendor, then the payment of taxes by a purchaser from the original owner of the color of title, under a contract, will be good under the statute, and will enure to the benefit of such purchaser when he afterward acquires the color of title.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of ejectment, brought by Seth W. Hardin against James V. S. Crate, for the recovery of the west half of the north-east quarter of section 13, township 33 north, range 9 east, in Will county. The defendant recovered and the plaintiff appealed.

Mr. EDMUND S. HOLBROOK, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The facts in this case fully appear in the opinion delivered when the case was before us on a former appeal, 60 Ill. 215. The judgment was affirmed on the ground it was thought the evidence showed a complete bar to the title claimed by plaintiff, under the 9th section of the Conveyance Act of 1845. A new trial was taken under the statute, which resulted, as before, in a verdict for defendant, and from the judgment rendered thereon, plaintiff prosecutes this, his second, appeal.

On the evidence, and under the law as stated by the court, three distinct issues of fact were submitted to the consideration of the jury:

1st. Whether the deed from Bailey and Reynolds to Brower and Wynkoop was delivered on May 1st, 1841, the day it bore date, or not until it was acknowledged, in September, 1842.

2d. Whether the color of title obtained under the deed from the sheriff to Stuart was acquired in good faith.

3d. Whether defendant had actual possession of the lands for seven years before the commencement of this suit, under claim and color of title made in good faith; and whether, during that period, he paid all taxes legally assessed upon the lands.

If the jury found either of these propositions for defendant, it would defeat any recovery by plaintiff. A finding for defendant on the first proposition might show an outstanding title in the assignee in bankruptcy, as against plaintiff, and upon the second and third propositions, that a complete bar had been made out against plaintiff, under both the 8th and 9th sections of the Conveyance Act of 1845. The instructions given under the evidence would, perhaps, authorize the jury to find any or all the propositions for defendant. But the finding being general, we have no means of knowing how the jury found on the several propositions submitted. We can, with as much propriety, suppose they found one as another, and if it should appear the evidence would not support a finding for defendant as to any single proposition, or that the law applicable to the facts had been so erroneously stated as to mislead the jury, it would seem to follow there ought to be a new trial.

With regard to the first proposition, the jury were instructed that, if the deed dated May 1, 1841, purporting to be executed by Bailey and Reynolds to Brower and Wynkoop, acknowledged in September, 1842, was not, in fact, delivered until after Bailey and Reynolds had been adjudicated bankrupts, in March and July, 1842, and an assignee appointed, then they should find for defendant.

Waiving any discussion of the question of law contained in this charge, we may say the evidence as to the delivery of the deed was very slight, and it is exceedingly doubtful whether it was sufficient to overcome the presumption it was delivered on the day it bears date. But, assuming the law

was stated correctly, we should, under the rule, be inclined
to hold the verdict should stand, on the ground it is the pro-
vince of the jury to settle all questions of fact.

As to the second proposition, the law was given with entire
accuracy, and even favorably for plaintiff. That the deed
from the sheriff to Stuart was color of title, was conclusively
settled by our former decision, but as to the good faith of
Stuart in obtaining color of title, this record contains some
additional testimony which renders that question doubtful in
the extreme, if it does not establish the fact of actual bad
faith. After all, it is a question of fact for the jury, upon the
evidence, and as the testimony is not of a conclusive charac-
ter either way, if we could know they found it for defendant,
we might say, as we could as to the finding on the first prop-
osition, it would be regarded as conclusive.

But any finding for defendant on the third proposition,
under the instructions given, would be clearly and palpably
erroneous, as against both the law and the evidence. The
jury were instructed that, if defendant was in actual posses-
sion of the land in controversy, under claim and color of
title shown by the deed from the sheriff to Stuart, made in
good faith, and during that period paid all taxes legally as-
sessed upon it, then the bar was complete under the 8th sec-
tion of the Conveyance Act of 1845.

In view of the undisputed facts in this case, this instruction
was highly calculated to mislead the jury, and to prevent this
result, the court ought to have given the 10th instruction
asked by plaintiff. Had that instruction been given, the
jury would have been able to apply the law understandingly
to the facts. As it was, they were without anything to guide
them on this all-important branch of the case. Plaintiff
asked to have the jury charged that the contract read in evi-
dence, from Stuart to defendant, dated January 23, 1858, was
not, of itself, color of title, and did not transfer the color of
title that was in Stuart to defendant; that the color of title
remained in Stuart until his deed to Van Fleet, dated Novem-

ber 30, 1859; and that, unless Stuart had acquired color of title in good faith, then they should disregard all payments of taxes under it, whether by Stuart or defendant, while the color of title remained in Stuart; but the court refused to so instruct. This instruction contained an expression of the law applicable to the facts, and no other given did, on this branch of the case. It was absolutely necessary, to enable the jury to render an intelligent verdict upon the evidence.

There can be no pretense defendant has shown any bar under the 8th section of the statute, unless it shall be assumed as proven that Stuart had claim and color of title made in good faith. But that was one of the contested points in the the case, and the existence of a fact so important to the defense could not rightfully be assumed.

The contract for a deed from Stuart to defendant was not, of itself, color of title, in the statutory sense of that term. The deed from Stuart to Van Fleet, for the benefit of defendant, was color of title, and was undoubtedly obtained in good faith. Of this fact there can be no controversy, and had it appeared defendant had been in possession, under this title, for seven years prior to the commencement of this action, with the superadded fact of the payment of all taxes legally assessed on the land for that period, the bar under the 8th section would have been complete. But the proof is positive he was in possession only six years under that title. It is true, he was in possession seven years, and perhaps more, but it was under the contract of sale from Stuart. During that period, the color of title remained in Stuart, and it could not be said defendant had "claim and color of title," within the meaning of the statute, unless Stuart had color of title acquired in good faith. *Darst* v. *Marshall*, 20 Ill. 234.

It may have been, upon this vital point the jury were misled by the instructions of the court. They ought to have been told, as plaintiff asked to have them, that defendant's contract with Stuart for a deed was not, of itself, color of

title, and that the color of title remained in Stuart until the conveyance in pursuance of the contract to Van Fleet.

What warrant can we have for saying the jury found for defendant on one or both of the other propositions submitted? On both of them the evidence was conflicting, and even doubtful. How can we know but they found for plaintiff on both of them, and that their verdict for defendant was in consequence of their finding on the last proposition that the bar under the 8th section was complete. The evidence would not justify such a finding, but the instructions given may have led to the belief it did. Had the jury been told the contract from Stuart to defendant was not, of itself, color of title, their verdict might have been different.

Under the facts proven, the court ought to have given the 10th instruction asked by plaintiff, and it was error to refuse it.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*