OWEN BALL *et al.*

*v.*

REASON HOOTEN, Admr.

1. ESTOPPEL—*by acts or declarations.* In order to create an *estoppel in pais*, by acts and declarations, the party estopped must have induced the other party to occupy a position he would not have occupied but for such acts and declarations.

2. NEW TRIAL—*misdirection as to the law.* Where three distinct grounds of defense are relied on, and the jury find for the defendant generally, and

the evidence is conflicting as to the first two grounds, so that the verdict, if based on them, would not be disturbed, but is not sufficient to sustain the third ground, and the court has misdirected the jury in respect to it, a new trial will be awarded.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Plaintiffs were creditors of the firm of Fitzsimmons & Co. That firm was composed of Patrick Fitzsimmons and Edward Galligan.  After the death of Galligan, which occurred in March, 1870, defendant was appointed administrator, and took upon himself the burden of the administration of the estate. The surviving partner took possession of the assets of the firm, and proceeded to sell the stock on hand and to collect accounts due the firm.  That he paid debts owing by the firm, is proven, but upon the question whether plaintiffs' claim was paid by the surviving partner, the evidence is conflicting.  Within two years after granting letters, plaintiffs presented their claim against the estate of the deceased partner, for allowance.  It was disallowed in the county court.  On the trial of the appeal in the circuit court of Vermilion county, the cause was submitted to a jury, who found the issues for defendant.  That verdict was set aside, a new trial awarded, and the venue changed to McLean county, where a second trial was had before a jury, with a like result.  A motion for a new trial was overruled, and judgment rendered on the verdict for defendant, from which plaintiffs prosecute this appeal.

Messrs. WILLIAMS, BURR & CAPEN, for the appellants.

Messrs. MANN & CALHOUN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There having been two verdicts for defendant, we should be unwilling to reverse the judgment if we could know the jury were not misled by an instruction given for defendant.

Three distinct defenses were made—first, that no *bona fide* claim in favor of plaintiffs, against the firm of Fitzsimmons &

Co., ever existed; second, that if such claim ever did.exist, it had been paid, and third, whether it had been paid or not, plaintiffs are estopped, by their own conduct, from prosecuting it against the estate of Galligan. A finding for defendant on either proposition would be conclusive of the whole case. On examination, we find the evidence as to the first and second defenses indicated, to be conflicting, and a finding either way would be sustained. But we do not think the evidence sufficient to warrant a finding that plaintiffs, by acts or conduct proven, are estopped to prosecute their claim against the estate of Galligan. The doctrine of *estoppels in pais*, as was declared in *Hefner* v. *Vandolah*, 57 Ill. 520, is, to prevent injuries arising from acts or declarations which have been acted on in good faith, and which it would be inequitable to permit the party to retract. In order to create such an estoppel, the party estopped must have induced the other party to occupy a position he would not have occupied but for such acts and declarations. No acts are proven in this case that created an estoppel within the rule announced. It does not appear defendant was induced, by anything said or done by plaintiffs, to change his position or to leave any measure untried for the protection of the estate he represented.

Could it be made to appear, from anything in the record, the jury found for defendant either on the first or second ground of defense suggested, the verdict would be allowed to stand. But how can it be known which defense insisted upon, the jury found was proven? We have no warrant for saying how the jury found. As we have seen, the evidence on the first and second propositions was conflicting, and it may be the jury found for plaintiffs as to them, and based their verdict on the doctrine of estoppel as declared in the instruction given for defendant on that subject. If so, the verdict is plainly against the weight of the evidence. Considering the evidence in the case, our opinion is, the instruction as to the doctrine of estoppel, whether accurately stated or not, may have misled the jury. The testimony offered did not warrant a finding for defendant on that ground, but the instruction given may have induced

11—85TH ILL.

the belief it did, and for that reason it ought not to have been given. An authority for this view of the case is, *Hardin* v. *Crate*, 78 Ill. 533.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*