## W. SCOTT MARSHALL

### v.

## CHRISTIAN YOOS.

POUND-MASTER.—A pound-master can not justify in actions brought against him by the property owner, unless he has strictly complied with all the requirements of the law under which he acts.

ERROR to the Circuit Court of Marion county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed November 24, 1886.

Messrs. W. & E. L. STOKER, for plaintiff in error.

Marshall v. Yoos.

Messrs. CASEY & DWIGHT, for defendant in error.

WILKIN, P. J.   This was an action of replevin by plaintiff in error against defendant in error, to recover possession of a cow.   Plaintiff in error claimed possession of the animal as owner.   Defendant in error attempted to justify his taking and holding her as pound-master.

The judgment of the circuit court, from which this writ of error is prosecuted, is peculiar.   It adjudges the defendant not guilty, and plaintiff to pay costs, but makes no disposition of the property.   If a judgment of not guilty is to be treated as a finding on all the issues, there should have been an order for a return of the property.   We are of opinion, however, that upon the evidence the finding should have been for the plaintiff in error.   It is conceded that he was the owner of the cow at the time she was impounded.   His father-in-law was keeping her for him, but it is clear, from the evidence, that he had no right of possession as against the owner. Plaintiff in error could rightfully take her from him at any time, and if he had refused to give her up on demand, could have maintained replevin against him.   If defendant in error wrongfully took her, and, as the evidence shows, refused to deliver her to plaintiff in error when he demanded her, certainly this action can be maintained by him.   It is wholly unnecessary to pass upon the regularity of the proceedings of the town, under which it is claimed the cow was taken and impounded, for the reason that the defendant in error failed to show that he complied with the requirements of the by-laws of the town, under which he sought to justify.

No rule of law is better settled than that an officer justifying his conduct, or claiming a right to deprive another of his property by virtue of the law under which he acts, must show a strict compliance with that law on his part.   Applying that rule to cases of this kind, Dillon, in his work on Municipal Corporations, Sec. 101, says: "and the pound-keeper can not justify in actions brought against him by the property owner, unless he has strictly complied with all the requirements of the law under which he acts."   To the same effect is the lan-

guage of Chief Justice Walker, in Clark v. Lewis, 35 Ill. 417.
Sec. 4 of the by-laws under which defendant claimed to take
this animal, makes it the duty of the pound-master, whenever
an animal is placed in the pound, "to make complaint at once
to some justice of the peace of the town, apply for proceed-
ings to adjudge against owner the penalty, etc." Sec. 5 makes
it the duty of the justice of the peace to issue a notice to the
owner, stating the fact of impounding, fixing time of trial not
exceeding five days thereafter; which notice should be served
at least three days before trial. Sec. 6 makes it the duty of
the pound-master to attend before the justice at the time fixed
for the hearing and present the facts. It is clear, from these
provisions, that while the animal might be taken without
legal process, if running at large, she could only be held by
virtue of the legal proceedings provided for in the above sec-
tions. By his own testimony defendant in error impounded
the cow on the 2d day of July and held her until the 8th,
when she was demanded and replevied. He says, on the
second day after he got her he made complaint to a justice of
the peace. Whether the justice did anything does not appear.
Even if it be held that making complaint two days after the
impounding is a compliance with Sec. 4, there is an entire
absence of proof that any proceedings were applied for or
instituted as required by that section. It is made the duty of
a pound-master to commence and prosecute the proceeding
provided for in these sections, and he can not justify his hold-
ing by simply proving that he made complaint before a justice
of the peace. It may be fairly inferred from all the evidence,
that no proceedings were in fact begun. No notices seem to
have been served although six days had elapsed since the im-
pounding, and when the demand was made no information
was given as to any suit pending. However that may be, it
was the duty of the officer justifying as pound-master to prove
affirmatively that he had complied with the by-laws under
which he claimed to act. If he could hold this animal six days
under the proof here made, no good reason is perceived why
he might not hold her indefinitely, and thus deprive the owner
of his property without legal process.

                    Reversed and remanded.