## WILLIAM D. NICHOLS
## v.
## JOHN M. MURPHY ET AL.

| 36 | 205 |
| 136s | 380 |

*Partnership—Assets—*Res Adjudicata*—Estoppel.*

1. A valid decree winding up a partnership and declaring certain patents partnership assets, is a bar to a suit by one of the partners to establish his claim to the patents as individual property.

2. A partner, who, without objection, on the winding up of a partnership under a decree, allows property to be sold as partnership assets, and the money to be paid therefor, can not afterward assert that it was his individual property.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. CHARLES WHEATON, for appellant.

Messrs. BOTSFORD & WAYNE, and SHERWOOD & JONES, for appellees.

C. B. SMITH, J.   This is an appeal from a decree of the Circuit Court of Kane County.   In December, 1883, appellant and John M. Murphy entered into a copartnership, to continue ten years, to manufacture wind and feed mills, under the name of Nichols & Murphy.   Murphy and Nichols were each the owner of certain patents in their own right, and by the terms of their contract of partnership each one was to put in the firm the right to *use* their respective patents during the existence of the firm.   The right of the firm to use these patents was a part of the assets of the firm.

After this firm had existed for about ten years it was decided to enlarge its business, procure more capital and take in C. H. Geister as a new partner.   In order to accomplish that purpose the business of the old firm was closed up and an inventory taken of its property, debts and assets, and two schedules, marked "A" and "B," describing all the property, of every kind, which Nichols & Murphy were to put in the new firm against the money and property to be put in by Geister, were made.   No controversy arises or exists about any of this property or the schedules, except as to the patents claimed by Nichols, in this proceeding; nor are the rights of Nichols or Murphy in their first partnership in any manner involved in this suit.   Schedule "B," above referred to, contained in detail all the resources of Nichols & Murphy which they were to put into this new firm as their part of its working capital, showing a net sum, after deducting liabilities, of $11,080.32; to which was added "For patents and business," $6,000; total, $17,080.32.   This amount represented the capital in the new firm put in by Nichols & Murphy.

Geister made up his share of the capital by putting in property and $3,000 in cash.

After this new firm had continued in business for about two years, appellant, Nichols, filed a bill to wind up the affairs of

the partnership, and made his copartners defendants. Pending this litigation a receiver was appointed to take possession of the assets of the firm, collect its debts, and to sell its property and bring the proceeds into court. In his bill Nichols insists that he is the absolute owner of his patents, and alleges they are very valuable, and that in the formation of the new partnership he only put in the *right* to *use* his patents during its existence, the same as he had done in the prior firm of Nichols & Murphy. The answer of Murphy and Geister denied this claim of ownership of these patents by Nichols, and they insist that the new firm became the equitable owner of all these patents—as well those owned by Nichols as those owned by Murphy—by virtue of schedule "B," and that they are a part of the assets of the firm.

Upon a hearing of this bill, the court ascertained the rights of the various parties under the partnership agreement and rendered its decree, and, among other things, directed its receiver to sell all the goods and assets of the firm, "and the interest of Nichols, Murphy and Geister in any and all patents belonging to said firm, at public auction to the best bidder." In obedience to this decree the receiver proceeded to advertise and sell the property and assets of the firm, including all the patents owned by either Murphy or Nichols.

At this sale the Elgin Wind Power and Pump Company became the purchaser of all the property, paying something over $40,000 for it. After paying the debts of the firm there remained about $27,000 to be divided among the three members of the firm, which was afterward done by order of the court, and each received his just proportion out of the proceeds of this sale, which included the sale and proceeds of these patents now claimed by Nichols. That decree still remains in full force, and has been fully executed.

After the foregoing proceedings were had on appellant Nichols' bill to close the partnership, and the Wind Power and Pump Company became the purchaser of the assets and property of the firm, the Wind Power and Pump Company came into the suit as an intervenor, and set up its purchase, under the decree of the court, of the patents, among other

things, and alleged that notwithstanding such purchase under the decree, that Nichols was claiming still to be the owner of such patents, and pretending that his title to such patents did not pass by such sale, and that he was still the owner of the same. The intervenor asked the court to adjudicate upon that question and to declare it to be the equitable owner of such patents, and require Nichols to convey all his legal rights, by deed to them, in and to such patents. Nichols answered this petition, and set up his claim to the title in those patents, and denied that the purchaser obtained any title thereto by or through their purchase, and averred that by virtue of his contract of partnership with Murphy and Geister he only conveyed to that firm the right to *use* his patents during the existence of the firm, and that when the firm ceased to do business the title and right of possession and use of his patents returned to him. Upon the hearing of this petition the court found against the claim of Nichols, and decreed according to the prayer of the Wind Power and Pump Company, and directed Nichols to execute a proper conveyance to the Pump Company, conveying all his title and right to the company. From this decree Nichols appeals to this court, and insists that the court erred in rendering the decree.

In the view we take of this case it is necessary to examine but a single question, and that is whether appellant can now raise the question he here seeks to litigate. The decree of the court upon his own bill found these patents, of which he now claims to have been the owner, the property and a part of the assets of the firm of Nichols, Murphy & Geister, and directed them to be sold as such. They were sold, and the proceeds of the sale divided between the members of the firm, including appellant. That decree declaring the title to be in the firm stands in full force and fully executed, and binds all the parties to it until it is set aside. That Nichols can not now again litigate that question in the face of that decree, seems to us too plain for argument. Nor can he go behind it and again litigate, or raise the same questions which were decided by the court in that case.

But, aside from the conclusive effect of that decree against

him, there is another equally strong reason which bars his recovery. He permitted these intervenors to buy this property at his own sale, under a decree obtained in his own suit, knowing that they were buying these patents, without objection, and without making his claim to them known until after the Pump Company had bought them and paid its money for them, and he had his share of the purchase money for these very patents safely in his pocket.

He is estopped now to claim the patents; he kept silent when it was his duty to make known his claim (if he had any), and he can not now be heard to set up his claim to the detri_ ment of others whom he misled by his silence to place themselves in a position to their detriment which they would not have occupied had he then made known his claim. Ball v. Hooten, 85 Ill. 159; Kinnear v. Mackey, 85 Ill. 96.

Very much of the argument submitted by counsel for appellant would have been appropriate and applicable if we were reviewing the decree authorizing the sale of the partnership assets, including these patents, but is wholly foreign to the subject and decree we are now reviewing. Counsel insist that the court erred in entertaining this intervening petition, but this objection is not well taken. This position is recognized and approved in Marsh v. Green, 79 Ill. 385, and in Phillips v. Blatchford, 20 Ill. App. 608. .

It is also urged that the court erred in proceeding to hear the rights of the parties without making Cooper a party, who, it is alleged, had some interest in these patents.

But that question is not made in the assignment of errors, and even if there was any force in the objection we can not consider it.

Seeing no error in this record the decree is affirmed.

*Decree affirmed.*