## People of the State of Illinois ex rel. J. H. Maxwell, v. I. Ruby, J. P.

1. HIGHWAY—*Proceedings to Lay Out.*—The filing of a certificate with a justice of the peace by the supervisors within ten days after granting the prayer of a petition for a road, in order to proceed with

the assessment of damages, is a condition precedent to the taking of the land. A failure to file such certificate within the time required, divests the supervisors of their jurisdiction, and the justice can not be compelled to proceed.

2. SAME—*Proceedings before the Supervisors.*—Proceedings in laying out a highway, before the supervisors, on appeal from the commissioners, with reference to the assessment of damages, are governed by the same law applicable to the action of the commissioners.

3. SAME—*Where the Supervisors Have Lost Jurisdiction.*—In a case where the supervisors have lost jurisdiction, and their proceedings would be quashed on certiorari, a court will not, by mandamus, compel a justice to proceed with the assessment of damages.

4. MANDAMUS—*When the Writ Will Not be Awarded.*—A writ of mandamus will not be awarded for the performance of an act which, for any reason, has become unlawful to be performed.

5. SAME—*Requisites of the Petition.*—To entitle a relator to the writ of mandamus it must appear that the defendant is under a legal obligation to perform the act required of him, and every material fact necessary to show such legal duty must be averred in the petition for the writ.

**Mandamus.**—Proceedings to lay out a highway. Error to the Circuit Court of Jasper County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

GIBSON & JOHNSON and E. W. HERSH, attorneys for plaintiff in error.

FITHIAN & DAVIDSON, attorneys for defendants in error.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Plaintiff in error filed a petition for mandamus to compel defendants in error to proceed with the assessment of damages on a certificate from the three supervisors before whom a proceeding for the altering or re-locating of a public highway was pending on appeal.

The petition fails to show that the certificate required to be filed with the justice of the peace was so filed within ten days from the date of the meeting at which it was decided to grant the prayer of the petition for laying out the road.

It has been held by this court that the filing of such cer-

tificate with the justice within ten days is a condition precedent to the taking of land for a public highway, and that a failure to so file such certificate divests the commissioners of jurisdiction. Trainer et al. v. Lawrence, 36 Ill. App. 90. If the commissioners, having failed to comply with the requirements of Sec. 41, should proceed to alter or re-locate the road, their action would be illegal.

The proceedings before supervisors on appeal, with reference to the assessment of damages, are governed by the same law applicable to the action of the commissioners. Sec. 60 of the Road and Bridge Act, Hurd's Statutes.

In a case where the supervisors have lost jurisdiction and their proceedings would be quashed on certiorari, a court will not, by mandamus, compel the justice to proceed to have the damages assessed. In such a case it is immaterial on what ground the justice of the peace refuses to proceed. It is not the office of the writ of mandamus to compel the doing of an act which is illegal, or must be undone immediately thereafter. " In every case, to entitle the relator to relief, it must appear that the defendant is under a legal obligation to do and perform the act required of him and every material fact necessary to show such legal duty must be averred in the petition." The People v. Madison County, 125 Ill. 334, and authorities there cited.

The court properly sustained the demurrer to the petition.

The judgment is affirmed.