The People *ex rel.* George A. James, County Collector, Appellant, *vs.* The Chicago, Burlington and Quincy Railroad Company, Appellee.

*Opinion filed December 17, 1907.*

1. Propositions of law—*propositions of law not authorized unless parties were entitled to jury trial.* The provision of the Practice act relating to propositions of law in cases tried by the court without a jury applies only to cases where parties were entitled to a jury trial and does not apply to an application for judgment and order of sale. (*C., I. & W. Ry. Co.* v. *People,* 205 Ill. 538, explained.)

2. Appeals and errors—*exception to entry of judgment must be preserved by bill of exceptions.* An exception to the entry of judgment in a proceeding to sell land for taxes must be incorporated in a bill of exceptions, and it is not sufficient that the order entered in the court states that an objection was made and exception taken.

Appeal from the County Court of Kane county; the Hon. Frank G. Plain, Judge, presiding.

Frank R. Reid, State's Attorney, E. B. Quackenbush, and John R. Powers, for appellant.

Hopkins, Peffers & Hopkins, (Chester M. Dawes, of counsel,) for appellee.

Mr. Justice Carter delivered the opinion of the court:

At the June term, 1907, the county court of Kane county refused judgment and order of sale as to the property of appellee for a portion of the road and bridge taxes of the town of Aurora. This is an appeal from that finding.

Propositions of law were offered by appellee and held by the court. Neither party to this proceeding was entitled to a trial by jury, and therefore the practice of presenting propositions to be held as the law of the case, under section 41 of the Practice act, had no application to the case.

That section only applies where parties are entitled to a trial by jury. (*Martin* v. *Martin,* 170 Ill. 18; *Coffey* v. *Coffey,* 179 id. 283; *Chicago Union Traction Co.* v. *City of Chicago,* 202 id. 576; *Cody* v. *Town of Cicero,* 203 id. 322.) It is therefore unnecessary to consider whether the rulings of the trial court in holding these propositions of law indicate that he held incorrect views of the principles of law involved. (*More* v. *More,* 211 Ill. 268.) Propositions of law were not submitted in *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 Ill. 538, and what was said there as bearing on the questions here at issue was negative in character and not intended to state any rule.

After the *prima facie* proof had been made on behalf of the People the objectors offered evidence for the purpose of sustaining their objections. The court thereupon held the propositions of law above referred to, and entered the order sustaining the objections as to a portion of said road and bridge taxes of the town of Aurora. There is nothing in the judgment order indicating on what ground the objections were sustained. That order simply sustained the objections and denied the application for judgment, without stating the reasons therefor. No error appears on the face of the pleadings or the judgment order. No objection or exception of any character (except as to the court's holding on said propositions of law) has been preserved by the bill of exceptions. As propositions of law could not properly be offered in this case, the assignment of error as to them cannot be considered. The other assignments of error question only the judgment order entered by the court.

The order entered in the court sustaining the objections states that appellant objected and excepted to the entering of the order. Such an objection must be preserved and brought to our judicial notice by being incorporated into the bill of exceptions. (*Bailey* v. *Smith,* 168 Ill. 84; *Chicago and Alton Railroad Co.* v. *People,* 190 id. 20; *People* v. *Chicago and Northwestern Railway Co.* 200 id. 289;

*Jones* v. *Village of Milford,* 208 id. 621; *City of Chicago* v. *Ogden, Sheldon & Co.* 227 id. 595.) This not having been done, the questions sought to be presented for our consideration on this appeal are not preserved in such manner that they can be reviewed by this court.

The judgment of the county court must be affirmed.

*Judgment affirmed.*