**Dora Bennett, Appellant, v. Norman Millard et al., Appellees.**

**Gen. No. 4,960.**

1. PRACTICE—*when propositions of law need not be presented.* In a *certiorari* proceeding, which is tried before the court and with respect to which a jury trial cannot be had, propositions of law need not be presented in order to preserve for review questions of law.

2. CONVEYANCES—*presumption as to date of delivery of deed.* In the absence of evidence to the contrary, the presumption is that a deed was delivered on the day of its date, and this presumption prevails notwithstanding the instrument was acknowledged at a later date; nor does the fact that final acceptance of such deed by commissioners of highways took place at a time later than such date rebut the presumption.

3. COMMISSIONERS OF HIGHWAYS—*when do not lose jurisdiction*

*of petition.* Where a settlement is in fact made within ten days of the date of the order laying out a new road, and condemnation of such lands so to be taken is thereby obviated, the commissioners are not ousted of jurisdiction of the subject-matter because their records fail to show a record of such settlement made within ten days of the date of the order to lay out the road.

*Certiorari.* Appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

RALPH E. EATON, for appellant.

FRANKLIN J. STRANSKY, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

In February, 1907, certain residents and landowners of the town of York, Carroll county, presented a petition to the commissioners of highways of said town, praying that a portion of a certain public highway be vacated, and that a new road be laid out across certain premises therein described. The commissioners of highways fixed upon March 11, 1907, as the time when they would meet to hear reasons for and against granting the prayer of the petition. Notices were duly posted, showing the time and place of such meeting, as required by section 33 chapter 121 Hurd's R. S. 1905. The commissioners of highways met pursuant to such notice, on the day and at the place named therein, and decided to vacate the old highway, and lay out the new road. On April 3, 1907, the commissioners of highways ordered the old highway vacated, and the new road laid out, as prayed for in the petition. On July 19, 1907, appellant, Dora Bennett, filed a petition in the office of the circuit clerk of said county. The petition alleged that the order of April 3, 1907, purporting to lay out the new road and to vacate a portion of the old highway, was void, because it was made after the commissioners of

highways had lost jurisdiction over the subject-matter, alleging as ground therefor, that the commissioners of highways neither settled with the owners of the land to be taken for the new road, nor filed a certificate with a justice of the peace to have the damages therefor assessed within ten days after they determined to grant the prayer of the petition as required by section 41, chapter 121, Hurd's R. S. 1905. The petition made the clerk and the highway commissioners of the town of York, defendants, and prayed that a common law writ of *certiorari* issue, commanding them to make return thereto, certifying the record of their proceedings into the Circuit Court of said county for its inspection and further order. The writ issued, and was served on appellees. They appeared and moved the court to quash the writ and dismiss the petition. This motion was overruled. Appellees then filed certified copies of their proceedings as their return to the writ. The court inspected the record appearing in the return, and found that the commissioners had jurisdiction to make, and did lawfully make, said final order of April 3, 1907, quashed the writ, dismissed the petition, and adjudged the costs against appellant, who prosecutes this appeal.

Appellant offered certain propositions of law, some of which were held, and others refused. It is argued that such refusal was error. A *certiorari* proceeding is tried upon the record only, and presents only a question of law for the court. Neither party to this proceeding was entitled to a trial by jury, and therefore the practice of presenting propositions to be heard as the law of the case as provided by section 41 of the Practice Act had no application to the case. That section only applies where parties are entitled to a jury trial, and a jury has been waived. Martin v. Martin, 170 Ill. 18; Coffey v. Coffey, 179 Ill. 283; Chicago Union Traction Co. v. City of Chicago, 202 Ill. 576; Cody v. Town of Cicero, 203 Ill. 322; The People v. C., B. & Q. R. R. Co., 231 Ill. 112; Sampson v. Commis-

sioners of Highways, Chestnut Township, 115 Ill. App. 443. It is therefore unnecessary to consider whether the rulings of the trial court in refusing the propositions of law, indicate that he held incorrect views of the principles of law involved. More v. More, 211 Ill. 268; The People v. C., B. & Q. R. R. Co., *supra.*

The record appearing in appellee's return, contained a written instrument under seal, dated March 18, 1907, signed by Frank Melendy, Lulu Melendy, his wife, and Joseph Melendy, a single man, the only persons who owned land to be taken for the new road. This instrument conveyed to the commissioners of highways of the town of York, and their successors in office, for the uses and purposes of a public highway, all the land over which the new road was to pass, and the same instrument released all claim for damages sustained by the Melendys by reason of the laying out and opening of said new road. The instrument expressed a valuable consideration therefor, and the receipt of the same, and was acknowledged before the town clerk, who was also a notary public, March 19, 1907. The date of the written instrument or release was within ten days of March 11, 1907. There is no evidence in the record, beyond what is furnished by the instrument itself, showing the date of its delivery to the commissioners of highways, and under these circumstances, the legal presumption must prevail, that it was delivered on the day of its date. Hardin v. Crate, 78 Ill. 533; Deininger v. McConnel, 41 *id.* 227; Jayne v. Gregg, 42 *id.* 413; Darst v. Bates, 51 *id.* 439; Walker v. Doane, 131 Ill. 27. Adopting that presumption as in the absence of countervailing evidence we must, it follows, that the instrument of release had already been executed and delivered by the Melendys to the commissioners or to some one of them, on the 18th day of March, which was within ten days of March 11, 1907. The fact that the certificate of acknowledgment bears a later date, is not sufficient to rebut such presumption. L. E. & W. R. Co. v. Whitman, 155 Ill. 514;

Schaeppi v. Glade, 95 Ill. App. 500; Deininger v. McConnel, *supra.*

Counsel for appellant contends that the record shows that the release was delivered on March 26, 1907, more than ten days after March 11, 1907. The order of the highway commissioners of March 26 does not contain any statement that would warrant such assumption. The record of the highway commissioners does show that on March 26, 1907, they met as a board and formally accepted the release which had been executed by the Melendys. This fact is not in any way inconsistent with the presumption of law that the deed was delivered on March 18, 1907. The delivery of the deed to the town clerk on its date, or to any of the highway commissioners individually would undoubtedly end all control of the Melendys over the instrument; yet the same could not be accepted by the commissioners individually, but it would be necessary for them to meet as a board and act officially. The language relied upon by appellant to establish the delivery of the release on March 26, is "Said damages having been, on the 26th day of March, 1907, definitely fixed and settled at the sum of one dollar, by written agreement, signed by Frank and Joseph Melendy, the owners of the land over which said new road is to pass, and the undersigned commissioners." This does not rebut, or tend to rebut, the presumption that the deed was delivered by the Melendys on the day of its date.

Counsel for appellant cites as authority in support of his contention, that the commissioners of highways lost jurisdiction over the subject-matter of the petition, Imhoff v. Commissioners of Highways, 89 Ill. App. 66. The petition in that case prayed that two things should be done. The record of the commissioners showed that the notice had been given only of one of the subjects of the petition, and that notwithstanding such lack of notice which related to the vacation of the road, the commissioners entered an order, vacating such road,

and the court held that the commissioners had not acquired jurisdiction. In the case at bar, counsel for appellant admits the commissioners had acquired jurisdiction. The application of the Imhoff case to the facts in this case is therefore not apparent to us. Trainer v. Lawrence, 36 Ill. App. 90, and People v. Ruby, 59 Ill. App. 653, cited by appellant, are not applicable to the facts involved in the case at bar. In neither was there a release of the right of way procured from the landowners. The parties complaining were the parties whose land was to be taken. Both relate entirely to the proceedings before the justice, and the question involved was, whether the justice had acquired jurisdiction, and not whether the commissioners had lost jurisdiction. These cases do not hold, as appellant contends, that the commissioners of highways, by failing to file certificates, lost jurisdiction of the subject-matter of the petition, but only lost jurisdiction to condemn the land for such road.

In this case the commissioners had a deed of the land, and a release of damages for laying out the road, and condemnation proceedings were not necessary. After the road was ordered opened, the Melendys were paid the amount of damages agreed upon for the location and opening of the highway. This estopped them from alleging that the commissioners lost jurisdiction. Town v. Town of Blackberry, 29 Ill. 137; Kile v. Town of Yellowhead, 80 Ill. 208. If the owners of the land to be taken are bound by the deed and release and estopped, appellant, having no interest in the land taken, cannot complain. In *certiorari* one landowner cannot object to an irregularity which only concerns the land of another landowner. Deslauries v. Soucie, 222 Ill. 522. Moreover appellant's petition attacking the order of April 3, was not filed until more than three months thereafter, and it did not allege that appellant was the owner of, or was interested in, any lands whatever at the time the order of April 3, 1907, was made. It did state, however, that she was the owner of lands, over

which the road ordered vacated passed, at the time she filed her petition. Under no construction nor by the aid of any presumption, can it be inferred or known that she owned or was interested in the land, over which this road passed, at the time the order was made. Ownership of land acquired after the laying and vacation of a road, is not sufficient to entitle a person to a writ of *certiorari* to review the proceedings.

Our conclusion is, that where a settlement is in fact made within ten days of the date of the order laying out a new road, and condemnation of such land so to be taken is thereby obviated, that the commissioners are not ousted of jurisdiction of the subject-matter because their records fail to show a record of such settlement made within ten days of the date of the order to lay out the road.

The judgment of the court is therefore affirmed.

*Affirmed.*