The Carson-Payson Co. v. Moore, 188 Ill. App. 332.

---

## The Carson-Payson Company, Appellee, v. Lida Moore et al., Appellants.

1. MECHANICS' LIENS, § 68*—*computation of time for giving subcontractor's notice for lien.* Where a company under a contract with the original contractor delivers materials to a common carrier to be shipped to the contractor, its contract with the contractor is completed on the date of the delivery to the carrier, and in order to entitle it to a mechanic's lien it must give notice to the owner within sixty days from such date.

2. APPEAL AND ERROR, § 528*—*when propositions of law unnecessary to preserve question of law for review.* The rule that where the facts are not in dispute and only a question of law is to be determined, such question cannot be reviewed unless propositions of law have been presented to the trial judge, does not apply to a chancery case.

Appeal from the Circuit Court of Wabash county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed July 28, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

E. B. Green and Theo. G. Risley, for appellants.

Howard P. French, for appellee.

Mr. Justice Harris delivered the opinion of the court.

The appellee, a corporation of Danville, Illinois, filed its bill in chancery against appellant and others to enforce a mechanic's lien against certain real estate described in the bill. The bill describes appellee as a sub-contractor, under a contract with the original contractors, Struby & Harris, to furnish radiators and a boiler put upon the premises of appellants, and avers notice to appellants.

To the bill appellants filed their answer, denying the furnishing of material due and denying that a sufficient notice was served to subject the premises to the lien sought or to make them liable as the owners of the premises. Replication filed by appellee, the taking of testimony before the master in chancery, report of evidence.

Upon the hearing before the court the issues were found with appellee, and the sum of $401.76 to be due, and if not paid within thirty days the master in chancery is directed to sell the premises of Benjamin F. Moore, one of appellants, to satisfy the amount due and costs. Benjamin F. Moore excepts and brings this appeal.

The facts, so far as they are material to a decision of this case, appear to be that Struby & Harris on the twenty-eighth day of July, 1910, entered into a contract with Benjamin F. Moore, appellant, to furnish all material and construct a heating plant on the premises in said bill described for the sum of $514; that on the fifth day of August, 1910, appellee entered into a contract with Struby & Harris to furnish of said material one steam boiler and thirty Kewanee steam radiators to be used in pursuance of said original contract in

said building; that on the fifth day of August, 1910, at Kewanee, Illinois, and on the ninth day of August, 1910, at Geneva, New York, waybills were issued showing a delivery of all of said articles to a common carrier billed to Struby & Harris, Mt. Carmel, Illinois; that on the tenth day of October, 1910, notice was served by appellee upon appellants claiming and asserting a lien upon the premises described in the bill under the mechanic's lien law of this State, the law referred to being that of Mechanics' Liens Act, ch. 82, sec. 24, (J. & A., ¶ 7162), which reads, as follows: "Sub-contractors * * * may at any time after making their contracts * * * and shall, within sixty days after completion thereof * * * cause a written notice of the claims * * * to be personally served on the owner."

The facts in this case are not in dispute, as the case was heard upon the evidence of complainant. The statute is derogatory to the common law, mandatory and must be strictly complied with or no lien exists. The statute was evidently passed for protection of the owner and all parties entitled to a lien so that the one could not be deprived of his money, and that the owner would not be compelled to pay twice. The statute wisely provided that the time in which the party who anticipated claiming a lien should act.

The delivery by appellee or their agents at Kewanee, Illinois, and Geneva, New York, upon the fifth and ninth days of August, 1910, respectively, under the contract between appellee and Struby & Harris to the common carriers billed to Struby & Harris, Mt. Carmel, Illinois, was a delivery to Struby & Harris, and completed the contract upon the part of appellee. *City of Carthage v. Duval*, 202 Ill. 237.

The contract of appellee being complete on the ninth day. of August, 1910; a notice to entitle appellee to a lien must be served within sixty days from that date. The notice served on the tenth day of October,

1910, did not come within the time fixed by law, and was insufficient.

The evidence in this case, considered for all purposes as it applies to the issues, leaves no question of fact to be determined.

It is urged by appellee that where the facts are not in dispute and only a question of law is to be determined, that if appellant failed to present to the trial judge propositions of law and secure a ruling thereon it bars its right to have it considered on appeal. This is true where the right to a jury trial exists but not to a chancery case, where the parties have no such rights. *People ex rel. James v. Chicago, B. & Q. R. Co.,* 231 Ill. 112.

There being no right to a lien established by the evidence, the decree will be reversed and the cause remanded with directions that the order entering a decree be vacated and set aside, and a decree entered dismissing the bill for want of equity.

*Reversed and remanded with directions.*