## In the Matter of the Estate of Camelo Purvechio, Deceased.

## H. Earnest Hutton, Administrator, Appellant, v. Calogera Giordona Porrovecchio, Appellee.

1. TRIAL, § 293*—*when submission of propositions of law improper.* Propositions of law cannot be submitted on the hearing of a petition to have an order granting second letters of administration on the same estate, since such propositions may be submitted only in a case where the right to a trial by jury exists and has been waived.

2. EXECUTORS AND ADMINISTRATORS, § 52*—*when admission of incompetent evidence harmless.* On the hearing of a petition by the widow of the intestate to have an order granting second letters of administration on the estate of her deceased husband vacated, the admission in evidence of pleas in a suit of the administrator and a power of attorney executed by the widow *held* improper, for the reason such evidence was incompetent for any purpose, but its admission *held* harmless error where it was admitted on the hearing that the names given to the decedent in the grant of letters stood for the same person.

3. EXECUTORS AND ADMINISTRATORS, § 45*—*effect of two separate grants of letters of administration.* Two separate and valid grants of letters of administration on the same estate cannot exist at the same time in the same court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXVIII  6

4. EXECUTORS AND ADMINISTRATORS, § 49*—*authority to revoke invalid grant of second letters.* The Probate Court has authority to revoke and set aside a void order granting second letters of administration on the same estate where the order was procured on a petition constructively fraudulent.

5. EXECUTORS AND ADMINISTRATORS, § 51*—*sufficiency of order revoking invalid grant of letters.* An order of the Probate Court revoking and setting aside an order granting second letters of administration need not make any order concerning the acts of the administrator done in pursuance of the appointment thereunder.

Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914. Rehearing denied June 25, 1914. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** On January 23, 1912, H. Earnest Hutton, public administrator, filed in the Probate Court of Vermilion county, a petition, sworn to by himself, stating that Peter Chermen died intestate in said county on January 22, 1912, leaving property of the value of three hundred dollars, and a widow and four children, whose names are unknown; that they are nonresidents of Illinois; that there is no person, a resident of Illinois, who is entitled to a distributive share of his estate, and asking that letters of administration upon said estate be granted to petitioner. An order was made appointing petitioner administrator of the estate of Peter Chermen, and letters were issued to him on February 10, 1912. On March 1, 1912, he, as such administrator, filed a verified petition in the Probate Court stating that the estate had little property, but had a cause of action against the Bunsen Coal Company for causing the death of Chermen and asking authority to employ an attorney to obtain a settlement or bring suit on a contingent fee, and an order was made granting the prayer of the petition. Thereafter the administrator employed S. M. Clark, an attorney, to begin a suit against the Brazil Block

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Coal Company to the May term of the Vermilion Circuit Court.

On March 23d, H. Earnest Hutton as public administrator filed a petition in the Probate Court of Vermilion county, sworn to by himself, stating that Camelo Purvechio died on January 22, 1912, leaving personal property of the value of $900, and leaving surviving him Calogera Giordona Porrovecchio, his widow, and three minor children giving their names, all residents of Villarosa, Italy, his only heirs at law, and praying to be appointed administrator of the estate of said Purvechio. An order was made appointing him administrator of said estate on his giving bond, and on March 27th said letters were duly issued to him. On April 27, 1912, as administrator of the estate of Purvechio, he presented to the Probate Court a verified petition stating that the estate had a cause of action for the death of Purvechio against the Brazil Block Coal Company and asking authority to make a contract with J. Ed. Thomas, an attorney familiar with the facts, to procure a settlement or bring a suit on a contingent fee. The court on the day the petition was filed made an order granting the request of the petition. The same day the administrator filed another petition stating that Purvechio was killed on January 22, 1912, by a rock falling on him in room 58, in a certain entry of mine 3, of the Brazil Block Coal Company; that there was a danger mark on the rock that the deceased had been working under, and that there was a serious question whether there was any liability; that the coal company had offered nine hundred dollars, in settlement, and asking the court to authorize such a settlement. The court thereupon made an order authorizing the administrator to settle with the coal company and execute a release, and the administrator on said April 27th received the nine hundred dollars and executed a release to the coal company.

On May 29, 1912, "Porrovecchio Giordona Calogera, surviving widow of Porrovecchio Carmelo, deceased," filed a petition in the estate of "Camelo Purvechio" sworn to by Salvatore Balsamello, who is the attorney in fact of the widow. This petition states that petitioner is the widow of "Porrovecchio Carmelo, deceased;" that there are three minor children of the deceased, and gives their names and ages: "that her said husband was known in Vermilion County, Illinois, as Peter Chermen, and received a certificate of competency as a coal miner issued by the Miners' Examining Board of Vermilion County  *  *  * wherein he was known as Pete Chermen of Westville (Town), Vermilion (County), Illinois (State)." That he died January 22, 1912, of injuries received through the negligence of the Brazil Block Coal Company; that an inquest was held over the remains of said deceased and that the verdict described him as Pete Chermen. It then sets up the issuing of the two sets of letters of administration and asks that the letters granted on the petition of March 23d, be declared void, for the reason the court had no jurisdiction to issue such letters when letters had already been issued on the estate of the deceased.

The administrator answered the petition denying the statements therein except as to the issuing of letters to him and recites the settlement made in the name of the Purvechio estate.

On the hearing upon the petition of the widow, the court found that the two administrations were on the estate of the same person and set aside and revoked the letters upon the estate of Purvechio, but made no order as to the funds on hand received from the coal company. An appeal was taken to the Circuit Court where, on a hearing, an order was made finding the Probate Court had no authority to grant letters of administration to the public administrator upon the estate of Purvechio after having granted letters in the

same estate under the name of the estate of Peter Chermen, deceased. Hutton as administrator of Purvechio appeals.

H. M. STEELY, J. ED. THOMAS and H. M. STEELY, JR., for appellant.

CRUICE & LANGILLE, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

It is insisted the court erred in refusing to hold certain propositions of law presented by the appellant. This is not a case wherein the parties were entitled to a trial by jury. Propositions of law may be submitted only where the right to a trial by jury exists and has been waived. *People ex rel. James v. Chicago, B. & Q. R. Co.*, 231 Ill. 112; *Martin v. Martin*, 170 Ill. 18; *Schofield v. Thomas*, 236 Ill. 417. There was no error in refusing to hold the propositions presented.

It is further argued that the court admitted improper evidence. The only issue before the court was whether Chermen and Purvechio were one and the same party. The petition of the widow asserts that her husband, Purvechio, was known in Vermilion County as Peter Chermen, and that there are two grants of letters of administration in the same estate.

The administrator was a witness and he was asked the question: "When did you find out that the name of Peter Chermen and the name of Purvechio stood for one and the same party, deceased, in the same estate?" Ans. "As near as I can remember now, it must have been sometime in May of the same year." There was also other proof to the same effect that Chermen and Purvechio was the same person. The court over the objection of the administrator admitted in evidence the pleas in the suit of the administrator of the estate of Peter Chermen against the Brazil Block Coal

Company and the power of attorney from the widow to Balsamello. These pleas and the power of attorney were all clearly incompetent for any purpose, but inasmuch as the administrator admitted that Chermen and Purvechio was one and the same person, the admission of the incompetent evidence was harmless error.

It is also insisted that the Probate Court had no authority to vacate the order appointing Hutton administrator of the estate of Purvechio. The contention of appellant is that the Probate Court can only revoke letters of administration for one of the reasons mentioned in sections 19, 26, 28, 29 or 30 of the Administration Act. (J. & A. ¶¶ 67, 75, 77, 78, 79.) These sections provide for the revocation of original letters of administration, when they have been improperly granted to certain parties when other parties are by law entitled to administer, or when they are granted on some false pretense or for waste, etc., and with the exception of section 26 can have no application to the case under consideration.

Although Probate Courts have not general chancery jurisdiction, yet, in probate matters, they have jurisdiction of an equitable character and may adopt the forms of equitable proceedings and grant relief of an equitable nature, where justice and equity require such relief. *Dixon v. Buell*, 21 Ill. 203; *Chicago Title & Trust Co. v. McGlew*, 193 Ill. 457; *Bliss v. Seaman*, 165 Ill. 422; *Thomson v. Black*, 200 Ill. 465; *Carter v. Pierce*, 114 Ill. App. 589. It is not contended that when the Probate Court had lawfully granted letters on an estate that the same court could legally grant a second set of letters while the first were in full force. The rule appears to be that two separate and valid grants of letters of administration cannot exist at the same time in the same court. *Petigru v. Ferguson*, 6 Rich. Eq. (S. C.) 378; *Rambo v. Wyatt's Adm'r*, 32 Ala. 363; *Holmes v. Oregon & C. Ry. Co.*, 5 Fed. 523; *Bru-*

*baker's Appeal,* 98 Pa. St. 21; *Razor v. Mehl,* 25 Ind.
App. 645. There is an inherent power in the Probate
Court to correct an error which it had been led into
by a mistake of facts as to its jurisdiction. The legal
title to the estate of the deceased vested in the admin-
istrator of the estate of Peter Chermen in trust for the
parties entitled thereto. *Cross v. Carey,* 25 Ill. 562.

Until a valid revocation of letters of administra-
tion already granted on an estate is made, the County
Court has no power or jurisdiction to appoint another
as administrator *de bonis non* of the same estate, and
an order for such appointment under such circum-
stances "was absolutely void." *Munroe v. People,* 102
Ill. 408. An order appointing a special administrator
to collect without revoking the letters of a duly quali-
fied and acting executor is void. *Day v. Bullen,* 226 Ill.
72. We are of the opinion that the Probate Court had
full authority, in a direct proceeding for that purpose,
to revoke and set aside a void order made by it on a pe-
tition constructively fraudulent.

It is also argued that the court should have consoli-
dated the two administrations and made some order
disposing of the nine hundred dollars paid by the coal
company to Hutton as administrator of Purvechio.
We fail to see any right of the court to consolidate a
valid with an invalid grant of letters of administra-
tion or to make any order concerning the acts of the
administrator done in pursuance of an invalid appoint-
ment. The order vacating the administration in the
estate of Purvechio is affirmed.

*Affirmed.*