In re Estate of J. Paul Kuhn, Deceased.
Arleene K. Elwood and Lura K. Freedlund, Petitioners-Appellants, v. Wanda H. Kuhn, as Executor of the Purported Last Will and Testament of J. Paul Kuhn, Respondent-Appellee.

Gen. No. 67–35.

Second District.

October 31,1967.

Rehearing denied December 1, 1967.

Boodell, Sears, Sugrue and Crowley, Barnabas F. Sears, and Gerald M. Sheridan, Jr., of Chicago, for appellants.

O'Brien, Burnell, Puckett and Barnett, of Aurora, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from an order denying a petition for removal of an executor. In his last will, J. Paul Kuhn named his wife, Wanda H. Kuhn, (herein referred to as "Mrs. Kuhn"), as executor. The will was admitted to probate, the decedent's widow qualified and letters testamentary were issued to her on April 26, 1966.

Under the terms of the will, the decedent left the bulk of his estate to his surviving spouse, and also made specific bequests of $5,000 to each of his two adult daughters—children of a prior marriage. On September 30, 1966, the two daughters commenced a proceeding to contest the will, and charged lack of testamentary capacity, actual and constructive fraud and undue influence on the part of Mrs. Kuhn. Then, on October 6, 1966, they commenced this proceeding for the removal of Mrs. Kuhn as executor.

The petition for removal charged that Mrs. Kuhn had become incapable of or unsuitable for the discharge of her duties as executor (1) by reason of the fact that she had a personal interest in the outcome of the will contest which conflicted with her fiduciary duty as executor to conduct a fair and impartial defense to the will contest, (2) because the estate was of substantial value— the personal estate exceeding $600,000—and Mrs. Kuhn lacked experience in handling securities and real estate, and, therefore, was incapable of managing the same, (3) in that Mrs. Kuhn caused herself to be awarded an excessive widow's award in the sum of $37,500, and (4) because there are certain goods and chattels of the decedent for which Mrs. Kuhn had failed to account or have appraised.

The grounds for removal of an executor are set forth in section 276 of the Probate Act (Ill Rev Stats 1965, c 3, par 276) as follows:

"On the verified petition of any interested person or upon the court's own motion, the court may re-

414

move an executor, administrator, administrator to collect, guardian, conservator or conservator to collect for any of the following causes:

"(a) When the executor, administrator, administrator to collect, guardian, conservator or conservator to collect:

"(1) is acting under letters secured by false pretenses; or

"(2) is adjudged a person in need of mental treatment under the Mental Health Code or is adjudged an incompetent; or

"(3) is convicted of a felony; or

"(4) wastes or mismanages the estate; or

"(5) conducts himself in such a manner as to endanger his co-fiduciary or the surety on his bond; or

"(6) fails to give sufficient bond or security, counter security or a new bond, after being ordered by the court to do so; or

"(7) fails to file an inventory or accounting after being ordered by the court to do so; or

"(8) conceals himself so that process cannot be served upon him or notice cannot be given to him; or

"(9) becomes incapable of or unsuitable for the discharge of his duties; or

"(10) there is other good cause.

"(b) When the executor, administrator, administrator to collect, guardian, conservator or conservator to collect, other than the guardian or conservator of a person, becomes a non-resident of this state."

415

■■■■■■

■ An executor may be removed only for the reasons stated in the above statute. In re Estate of Breault, 29 Ill2d 165, 180, 193 NE2d 824 (1963). Section 276 of the Probate Act was amended in 1965. Prior to its amendment, section 276 applied only to executors, administrators and administrators to collect, and the causes for removal were similar, but not identical to those now specified. Section 277 of the Probate Act, prior to the amendment pertained to the removal of a guardian or conservator. By the amendment, section 277 was repealed and the grounds for removal of representatives of decedent's estates and guardians, conservators and conservators to collect, were amalgamated into section 276. The resulting section added two additional grounds for removal of the named fiduciaries; viz., subparagraphs (a)(9) and (10) which specified that the court could remove any such fiduciary who "becomes incapable of or unsuitable for the discharge of his duties," or when "there is other good cause." Prior to the 1965 amendment, these two grounds were found only in section 277 and applied only to the removal of a guardian or a conservator.

■■ We agree with the petitioners that the addition of these two paragraphs add to the grounds presently available for the removal of a representative of a decedent's estate, and are not to be read as limited only to the circumstances enumerated in the preceding subparagraphs (a)(1) through (a)(8). Paragraph (a) of section 276 contains ten alternative grounds each joined by the word "or." Each ground is mutually exclusive of and cumulative to the others. Subparagraphs (a)(9) and (a)(10) must be read as two distinct and additional grounds permitting removal. Campbell v. Prudential Ins. Co. of America, 15 Ill2d 308, 311–313 incl., 155 NE2d 9 (1958); People v. Vraniak, 5 Ill2d 384, 389, 125 NE2d 513 (1955). The legislature saw fit to add these two sub-

416

paragraphs as grounds for removal, and they should not be rendered meaningless by interpreting them to relate only to the grounds previously set forth. People ex rel. Barrett v. Barrett, 31 Ill2d 360, 364, 365, 201 NE2d 849 (1964) ; 34 ILP, Statutes, § 123, p 110.

We cannot agree, however, that the addition of these grounds for removal is of any help to the petitioners under the factual background found in this case. The petitioners charge that the executor failed to file a proper inventory and seek an appraisal of the chattels until after these proceedings were commenced, and that this warrants her removal. The executor filed an inventory approximately three and one-half months after letters were issued. This inventory omitted certain personal jewelry, household and office chattels, a few shares of corporate stock and a number of old promissory notes, and certain notes secured by a mortgage and trust deed on parcels of real estate. However, the bulk of the estate was listed therein. A supplemental inventory was filed within nine months from the issuance of letters, which included all of the items above mentioned, and noted that the mortgage and trust deed notes were in default long prior to the death of the decedent; that the debtor's whereabouts was unknown; that the real estate securing said notes had an appraised value equal to ⅙ of the total indebtedness; and that the real estate had been forfeited for taxes.

We do not find it unusual or shocking, in an estate of this size, that the original inventory failed to include all of the assets of the estate, and that a supplemental inventory was necessary. Likewise, we are not surprised that the executor did not seek the appointment of an appraiser, nor that the court did not order the appointment of one until after the will contest proceedings were commenced. Under the terms of the will, the bulk of the estate was devised and bequeathed to the surviving

417

spouse, who also was named as the executor. In the light of these circumstances and as a practical matter, we believe that the court was justified in awarding a surviving spouse award without an appraisal. (Ill Rev Stats 1965, c 3, par 173.) It is interesting to note that the legislature, in 1965, amended sections 178 and 179 of the Probate Act (Ill Rev Stats 1967, c 3, pars 178 and 179), to place the responsibility for making the spouse and child awards on the court rather than on the appraisers.

The challenge of the will which gave rise to a possible change in the beneficial interests in the estate if its property should pass by intestacy rather than by the will, altered the procedures which otherwise would not have been necessary to the proper administration of the estate, and caused the court to appoint an appraiser as provided for in section 173.

██ ██ Subparagraph (a) (7) of section 276 provides only, that the executor who "fails to file an inventory or accounting *after being ordered by the court to do so*" may be removed. (Emphasis added.) The court never deemed it necessary to order the executor to file either an inventory or supplemental inventory, yet such instruments were filed. As far as the record indicates, all assets of the estate have been inventoried. We do not interpret subparagraphs (a) (9) or (a) (10) to provide for the removal of an executor for failure to file a complete inventory, or a supplemental inventory, absent a court order to do so, in that subparagraph (a) (7) specifically requires such prior court order. Subparagraphs (a) (7), (9) and (10) are free from inconsistency, and we should not, by construction, create one. Mann v. Board of Education of Non-High School Dist. No. 216, 406 Ill 224, 230, 92 NE2d 743 (1950) ; People ex rel. Roan v. Wilson, 405 Ill 122, 127, 128, 90 NE2d 224 (1950). Apparently, the trial court did not attribute the same sinister motives to the executor as do the petitioners, and neither do we.

■ Petitioners argue that the will contest suit creates a personal interest in the executor which is in conflict with her interests and duties as executor and thus renders her incapable of serving. We are aware of the high standards imposed upon an executor, as a fiduciary, in his dealings with and in behalf of the estate. Nonnast v. Northern Trust Co., 374 Ill 248, 261, 262, 29 NE2d 251 (1940); Christensen v. Christensen, 327 Ill 448, 453, 158 NE 706 (1927); In re Estate of Glenos, 50 Ill App2d 89, 95, 96, 200 NE2d 64 (1964). We are in accord with the burden thus imposed.

■ We do not agree, however, that the personal interests of the executor in the case at bar are such that they render her incapable or unsuitable to serve as executor. While an executor's duty must be to the estate and all of those interested in it, the position of executor is not limited to one who has no personal interest in an estate. (Ill Rev Stats 1965, c 3, par 77.) Unless a bank is named as executor, the executor normally will have a personal interest in the estate. Does the fact that an individual executor may also be a beneficiary under the will, render her or him unsuitable to act when a creditor files a claim against the estate which the executor may dispute? We think not, even though the executor's personal interest in the estate will be enhanced if the claim is defeated.

■ Absent unusual and extraordinary circumstances, such as those found in In re Estate of Abell, 395 Ill 337, 70 NE2d 252 (1946), the duty of the executor to contest a claim or defend a will, of itself, does not create such conflict of interest between the executor, claimant, legatee or devisee, as to render him or her incapable or unsuitable to serve. In Abell, the sole substantial matter remaining to be completed in the estate, which had been open for more than fourteen years, was the sale of real estate to pay debts, and there the heirs seeking to be appointed administrator to prosecute such petition for such sale were the very persons who were

419

to be benefited if their petition were denied. Abell is readily distinguishable from the case at bar. Generally, the conflict of interest which arises by virtue of the executor and a legatee, devisee or creditor having a personal interest in the estate is not enough, standing alone, to disqualify that person as executor.

The petitioners urge that the alleged conflict of interest, created by the persons who attack the validity of a will and arising thereupon, may be asserted by the same persons as a ground for removing the executor. We find this contention to be particularly unconvincing. Here the petitioners—daughters by a prior marriage—were left a relatively inconsequential amount under the decedent's will, but would be entitled to a substantially larger portion of the estate if the will were set aside. The petitioners assert that because the surviving spouse—the qualified executor—will receive a much smaller portion of the estate if they are successful in setting aside the will than she otherwise would receive under the will, she should not continue to act in her capacity as executor. They urge that this is especially true since they charge that she was guilty of undue influence in procuring the will.

It is the duty of the executor to defend a will in a will contest proceeding. (Ill Rev Stats 1965, c 3, par 93.) Mrs. Kuhn's personal interests are totally compatible with her interests and duties as executor. In both capacities, she should desire to see the will upheld. Through some circuity of reasoning and the assumption of the facts alleged in their suit to set aside the will as binding determinations upon the trial court and this court in this action, the petitioners conclude that in defending the will, the executor will be involving the estate in unnecessary litigation, using its funds to defend her own conduct in procuring the will, and pursuing an issue at great cost to the estate when she has reasonable

grounds to believe that a finding of undue influence would be proper.

While we do not suggest what may or may not be the outcome in the suit to contest the validity of the will, the record before this court relative to the manner of its execution and the conduct of the executor with reference thereto, does not warrant our acceptance of the conclusion of the petitioners that the executor would be acting improperly in defending the will. To the contrary—we believe she would be derelict in her duties if she did not defend it.

It is a safe assumption that in the vast majority of the will contests, those who are attacking the will do so because their share of the estate, in the event of intestacy, would be greater. In all of these cases, the executor, in defending the will, is acting against the "interests in the estate" of those who would benefit by intestacy. However, this circumstance alone cannot disqualify the executor. Such disqualification would arise only under a factual situation where the personal interests of the executor are so adverse to the interests of the estate and those entitled to its distribution, that both cannot be fairly represented by the same person, such as would exist where the executor also would acquire a larger share of the estate in the event of intestacy. Such circumstances are absent in the case at bar and are nonexistent in the majority of the estates which are administered.

Petitioners contend that the case of Luckey v. Superior Court in and for Los Angeles County, 209 Cal 360, 287 P 450 (1930) is nearly identical to the case at bar. There Luckey was administrator of the estate in question. He subsequently offered a will for probate which disinherited certain beneficiaries under the supposedly existing intestacy. The will also gave Luckey a substantial share of the estate. The court held that it was proper to remove Luckey as administrator because he had a

personal interest in upholding the will (which was attacked as being a forgery and as being procured by the fraud and undue influence of Luckey) rather than the intestacy of the estate under which he was acting as a fiduciary. Thus, his personal interests were directly in conflict with and adverse to his interests and obligations as a fiduciary. The factual situation in Luckey was opposite to that in the case at bar.

A number of other cases from other jurisdictions are cited by petitioners. Without referring to them singularly, we agree with the conclusions reached in most of those cases; namely, that where an executor's personal interests are so conflicting with and adverse to the interests of the estate that both such interests cannot fairly be represented by the same person, he may be removed as such executor. We disagree with the petitioners' conclusion that the factual situation here warrants such action; and that the effect of the petitioners' will contest action is to place the executor in a position where her personal interests are so conflicting with and adverse to her interests and duties as executor that she cannot fairly carry out her obligations as executor.

Petitioners also assert that the surviving spouse's award in the sum of $37,500 was grossly excessive and is evidence that the executor should be removed. If excessive, the award was, and is, subject to review under section 180 of the Probate Act. (Ill Rev Stats 1965, c 3, par 180.) We agree with the trial court that this would not be grounds for the removal of the executor, absent other incriminating facts and circumstances not present here.

The petitioners also contend that the executor is not capable of managing an estate of the size involved. It is conceded that Mrs. Kuhn has not had substantial experience in managing financial affairs. The evidence indicates that she has obtained the assistance of a per-

son experienced in business and financial matters— the investment counselor of the trust department of a reputable local bank—, and that she has retained competent legal counsel. The proof falls far short of showing any mismanagement or waste on her part, as executor.

Our review of the record suggests that the evidence amply supports the order of the trial court. We do not believe that the facts in this case came close to establishing grounds which would permit the removal of Mrs. Kuhn as executor.

While the right of a testator to name an executor is not an unrestricted right to have that person so act, the selection should not be set aside lightly. Unlike the other fiduciaries named in section 276, the selection of an executor is left neither to chance nor to the choice of others. The person whose estate is being administered, has designated, for reasons which may be obvious or unknown, the individual or corporate executor that he or she wants to take charge of this responsibility. This selection should be altered only for the specific reasons enumerated in subparagraphs (a) (1) through (9) of section 276 and for "other good cause" as expressly stated in subparagraph (a) (10) thereof.

For the foregoing reasons, the order of the trial court is affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.