IN RE ESTATE OF ARTHUR ADAM LONG, Deceased, *et al.*, Petitioners-Appellants.

(No. 70-282;

Second District—September 7, 1971.

William B. Petty, of Mt. Carroll, for appellants.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Loree Drane and Blanche Fieldstad appeal from an order denying their petition to remove Ray Long as executor of their father's estate. The principal asset of the estate is an 80 acre farm which was devised under the will, in equal shares, to petitioners, the executor, and their brothers, Verle Long, LeVerne Long and Kenneth Long. The petitioners charge the executor with waste and mismanagement in the sale of the farm.

The charge of mismanagement, essentially, is based upon the fact that the devisee Verle Long had offered to purchase the property for $600 an acre, whereas, the sale was thereafter made to another for $475 an acre. However, Verle Long's offer was conditioned upon the cancella-

tion of obligations for money borrowed from the decedent over many years and the cancellation of rent due for farm occupancy for the year 1969,[1] (except that Verle Long would pay the taxes for that year). Petitioners argue that several of the obligations were barred by the statute of limitations and that Verle Long, in his testimony, remarked that decedent intended to forgive all of the debts in exchange for work done by him on the farm in decedent's lifetime. The hearings, however, did not present a forum in which these items could be litigated. In any event, under the circumstances present when the sale was made under a general power in the will, the executor was justified in considering that the offer made by Verle Long would not be to the advantage of the estate in total view.

In their further argument that the sale made by the executor evidenced mismanagement of the estate, the petitioners have noted that the sale was made without an appraisal and that they offered the testimony of a witness with some familiarity with farm property, who was of the opinion that the farm was worth "in the area of" $600 per acre. The executor testified that, although he had first rejected an offer of $500 per acre because he thought at that time he could get more, he thereafter advertised the property in three prominent papers in the area at different times and continued to solicit the neighbors for the best price he could get. We agree that the property was thus thoroughly appraised in the market place and that the circumstances of the sale, in which a broker's commission was saved, were satisfactorily explained. In addition, LeVerne Long testified that he knew of the pending sale and approved of it. Kenneth Long also testified that he approved of the sale. We note also that the sale was made to a stranger and that both the executor, and the other beneficiaries who approved of the sale, had a common interest with the petitioners in securing the highest price available.

Letters testamentary may be revoked only under one or more of the grounds set forth in the statute. (Ill. Rev. Stat. 1969, ch. 3, par. 276: "(a)(4) wastes or mismanages the estate * * *.") The executor may not be removed for errors of judgment in the management of the estate unless they amount to malfeasance. (*In re Estate of Breault* (1963), 29

---

[1] The rent amounted to $3168. In addition, the estate inventoried obligations of Verle Long:
Uncashed check dated June 15, 1955—$700,
Promissory note dated June 1, 1956—in the face amount of $1300 which with interest totaled $2028,
Promissory note dated March 31, 1958—in the face amount of $850 which with interest totaled $1258,
Promissory note dated September 1, 1962—in the face amount of $6846.53 which with interest totaled $9442.53.

Ill.2d 165, 180; *In re Estate of Kuhn* (1967), 87 Ill.App.2d 411, 416.) We agree with the conclusion reached by the trial court that the record did not show that the executor wasted or mismanaged the estate so as to render him unsuitable or incapable to act.

The judgment below is affirmed.

Judgment affirmed.

MORAN, P. J., and SEARS, J., concur.