*In re* ESTATE OF RAYMOND OLIVER, Deceased—(JANE OLIVER Admr'x, Defendant-Appellant, *v.* MELVIN OLIVER *et al.*, Plaintiffs-Appellees.)

(No. 74-75; 

Fifth District—August 14, 1974.

Bonan & Bonan, of McLeansboro, for appellant.

John C. Robison, Jr., of Marshall, Feiger, Robison & Quindry, of Fairfield, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, Jane Oliver, the widow of Raymond Oliver, and the administrator of the estate of Raymond Oliver, deceased, has appealed the order of the Circuit Court of Hamilton County appointing William E. Hoffe as a "special administrator" for the limited purpose of representing the estate of Raymond Oliver, deceased. The appointment was made after a hearing on a petition for citation to recover property and to discover information which had been filed against Jane Oliver by the remaining heirs of the estate of Raymond Oliver, deceased.

Raymond Oliver died intestate on September 26, 1972, leaving as his heirs at law his widow, Jane Oliver, and nine other heirs (Melvin Oliver, *et al.*, children and grandchildren of Raymond Oliver). Letters of administration were issued to the widow, Jane Oliver, in the Circuit Court of Hamilton County, and thereafter, Jane Oliver, administrator, filed an inventory of the estate.

The inventory did not list or include a certain checking account in the White County Bank, Carmi, Illinois, in the purported amount of $11,-175.01. The appellees have asserted that certain chattel also was not listed or included in the inventory.

On July 2, 1973, the nine heirs filed a petition for citation to recover property and to discover information, seeking a citation to issue against Jane Oliver, in order for her to appear before the circuit court to answer interrogatories, touching on the checking account. The nine heirs also sought an order returning the proceeds of the checking account to the estate if the circuit court found that such checking account rightly belonged to the estate. In their petition for citation, the nine heirs asserted that the $11,175.01 checking account was not listed or included in the estate inventory, but *was* listed and included on the Illinois State inheritance tax return, which was signed by Jane Oliver,, affiant, as being property owned individually by Raymond Oliver at the time of his death. In addition, the nine heirs asserted that the same checking account had been listed and included on the United States estate tax return as being property owned individually by Raymond Oliver at the time of his death.

The appellant, Jane Oliver, in her individual capacity and in her capacity as administrator of the estate, answered the petition for citation by denying that she, individually, was in the possession of any money or other property of the estate of Raymond Oliver, deceased, and further, she answered affirmatively that she had accounted for all property and assets of the decedent's estate in her capacity as administrator.

After filing their petition for citation, the nine heirs then filed a petition for appointment of a special administrator, alleging *inter alia* that Jane Oliver was purporting to be the surviving joint tenant of the $11,175.01 checking account, and that, therefore, a conflict of interest had arisen between Jane Oliver's individual interest in the checking account and Jane Oliver's fiduciary duty as administrator to collect and preserve the assets of the estate. In essence, the nine heirs asked the circuit court to appoint a special administrator to represent the estate for the purpose of determining the matter of ownership of the checking account as raised in the petition for citation, and the nine heirs also requested that the circuit court order that the special administrator's fees, including his attorney's fees, be paid from the assets of the estate.

Apparently, the appellant, Jane Oliver, did not file a formal answer to the petition for appointment of a special administrator, but in view of our opinion below, we do not deem it necessary to comment on this point. There is nothing in the record, and nothing appears from the transcript to have been entered in evidence, to establish whether the $11,175.01 checking account was or was not held jointly by Raymond Oliver and Jane Oliver as joint tenants with right of survivorship. Indeed, the nine heirs alleged that this question should be determined at the hearing on their petition for citation, and that the special administrator should represent the estate at such hearing.

The circuit court found that there had arisen a conflict of interest between Jane Oliver's individual interest and her fiduciary duty as administrator to collect and preserve all assets of the estate, and therefore, ordered that William E. Hoffe be appointed as "special administrator" for the specific purpose of representing the estate at the hearing on the petition for citation.

■■ The appellant, Jane Oliver, seeks a reversal of the Circuit Court's order appointing a "special administrator" on the ground that the Circuit Court should have appointed a "Guardian ad Litem" rather than a "special administrator," and appellant cites as authority for her position, section 187 of the Illinois Probate Act (Ill. Rev. Stat. 1939, ch. 3, par. 339), which states as follows:

> "If the executor, administrator, guardian or conservator is the respondent [in a citation proceeding brought pursuant to Ill. Rev. Stat. 1965, ch. 3, sec. 183], the court may appoint a guardian ad litem to appear and represent the estate. The court may permit the guardian ad litem to prosecute or defend an appeal."

In essence, the appellant argues for reversal on the ground that there is no statutory authority for the Circuit Court to appoint Mr. Hoffe as a "special administrator", even though there is statutory authority (section

187) to appoint him as a "Guardian ad Litem." We disagree with the appellant on this point, for we can find no substantive distinction (nor has appellant brought to our attention any substantive distinction) in the use or mis-use of the title "special administrator" instead of the title "Guardian ad Litem." To hold otherwise would encourage the triumph of form over substance.

The appellant fails to take into account the manifest purpose and intention of the statutory scheme set forth in sections 183, 184 and 187 of the Illinois Probate Act. These statutes provide for the appointment of a disinterested person in a citation proceeding, to represent an estate when the person acting as the duly appointed administrator is confronted with a conflict of interest regarding his right and interest in property as opposed to the estate's right and interest in the same property. This purpose and intention ought not be defeated by mislabelling of the disinterested third party. It should be noted here that the appellant has not questioned whether Mr. Hoffe is a disinterested person.

The statute providing for a proceeding on a petition for citation states:

> "Upon the filing of a verified petition therefor, the probate court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted, or embezzled or to have in his possession or control any personal property * * * which belong to a person whose estate is being administered in that court, or which belongs to his estate * * *." Ill. Rev. Stat. 1939, ch. 3, par. 335.

The nine heirs in this case filed their petition for citation under the authority of section 184 of the Probate Act (Ill. Rev. Stat. 1939, ch. 3, par. 336), which states in part:

> "The Petition may be filed by the executor, administrator, guardian or conservator or by another person interested in the estate * * *."

As cited above, section 187 (Ill. Rev. Stat. 1939, ch. 3, par. 339) provides for the special situation in which the verified petition for citation is filed against the person who is acting as the adminstrator of the estate. It is obvious that a distinterested third party must represent the estate at the citation proceeding, when the administrator is the respondent in the citation proceeding.

■■ A useful comparison can be made with section 200 of the Probate Act (Ill. Rev. Stat. 1939, ch. 3, par. 352), which provides for the appointment of a "special administrator" to represent an estate when:

> "* * * an executor, administrator, guardian or conservator has a claim against the estate he is administering * * *."

That the disinterested person appointed to represent the estate is called

a "special administrator" when the administrator has a claim against the estate but is called a "Guardian ad Litem" when representing the estate in a citation proceeding brought against the administrator is a distinction in labelling only—it is a difference in form, not of substance.

■■ Appellant also takes the position that a distinterested person cannot be appointed to represent the estate of Raymond Oliver, deceased, in the citation proceeding, because the nine heirs have not alleged any grounds permitted under section 273 of the Probate Act (Ill. Rev. Stat. 1939, ch. 3, par. 427) to remove her as administrator of the estate. We believe this argument is without merit, because the appointment of a Guardian ad Litem under section 187 (Ill. Rev. Stat. 1939, ch. 3, par. 339) is not conditioned upon the absolute removal of the administrator under section 276 (Ill. Rev. Stat. 1939, ch. 3, par. 430). Removal of an administrator is a serious matter, requiring pleading and proof of serious misconduct on the part of the administrator. The purpose of section 187 is to permit a disinterested person to step in and temporarily represent the estate in a situation where there is an obvious conflict of interest in a person acting in a dual capacity. To construe the statutory scheme of sections 183, 184 and 187 in any other light would be to deny the resolution of such conflict of interest, short of pleading and proving the serious facts required for the absolute removal of the administrator.

■■ Another important purpose of the statutory plan of sections 183, 184 and 187 is to prevent the appearance of injustice which must arise when there is a conflict of interest between a person's individual interest and such person's fiduciary duty as administrator of an estate. In the instant case, especially with regard to the citation proceeding, appellant, Jane Oliver, acts in three distinguishable capacities:

1) as an individual, she denies that she holds property belonging to the estate, although the question has been put in issue by the nine heirs asserting that Jane Oliver is claiming the $11,175.01 checking account by right of survivorship;

2) as the administrator of the estate, she is acting in a fiduciary capacity and owes well known fiduciary duties to the estate and all of the heirs or beneficiaries of the estate; and

3) as the widow of the intestate decedent, Raymond Oliver, she is an heir entitled to one-third of the net estate proceeds at the time of distribution.

■■ It is well established that a disinterested person should be appointed to represent the estate when a conflict of interest arises between the person acting as the administrator of the estate and such person acting as an individual and for his own benefit:

"Unsuitableness to administer may well consist in an adverse in-

terest of some kind, or hostility to those immediately interested in the estate, whether as creditors or distributees, or even of an interest adverse to the estate itself."

In Re: *Estate of Abell*, 395 Ill. 337, 346, 347, 70 N.E.2d 252; *Estate of Storer v. Storer*, 131 Ill.App.2d 1049, 269 N.E.2d 352; *Estate of Vercillo v. Gagliardi*, 27 Ill.App.2d 151, 169 N.E.2d 364.

■■ The circuit court's order appointing William E. Hoffe as special administrator to represent the estate in the citation proceedings is affirmed. However, there has been a non-prejudicial mislabelling of Mr. Hoffe's title. Accordingly, while upholding the Circuit Court's order, we amend Mr. Hoffe's title to that of "Guardian ad Litem," and the case is remanded to the Circuit Court of Hamilton County for further proceedings consistent with this opinion.

Affirmed, modified in part and remanded.

G. MORAN, P. J., and CREBS, J., concur.