*In re* ESTATE OF MINNIE LIPCHIK, Deceased—CELIA SCHANTZ *et al.*, Plaintiffs-Appellants, *v.* MARGARET L. RACH, Individually and as Executor of the Estate of Minnie Lipchik, Deceased, Defendant-Appellee.— (IGNATZ HORINEK, JR., *et al.*, Defendants-Appellees.)

(Nos. 59686, 59687 cons.;

First District (3rd Division)—March 20, 1975.

Emmett P. Cowhey and Stanley Werdell, both of Chicago, for appellants.

Richard G. Kahn, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Certain relatives of Minnie Lipchik, deceased, appeal from an order of the circuit court of Cook County dismissing their suit to set aside decedent's will. Plaintiffs also seek review of other orders authorizing payment of attorney's fees from estate assets and striking plaintiffs' petition for appointment of a special administrator. The separate appeals have been consolidated for review.

Minnie Lipchik died testate on January 25, 1972, leaving three sisters as her only heirs-at-law. Decedent's purported last will, dated January 10, 1972, named Margaret L. Rach as executor and sole beneficiary of the estate. On October 17, 1972, the will was admitted into probate and letters testamentary were issued to Mrs. Rach.

On February 3, 1973, Mrs. Celia Schantz, one of the disinherited sisters, filed suit against Mrs. Rach. The action, brought in two counts, sought to have the will set aside on grounds of fraud and undue influence and to have Mrs. Rach declared constructive trustee over certain savings accounts and other uninventoried property. Defendant moved to strike the count, seeking declaration of a constructive trust on the ground that until the will was set aside plaintiff had no interest in the assets of the estate and lacked standing to obtain the relief requested. The motion to strike was allowed, and plaintiff was given leave to amend the complaint.

Thereafter, plaintiff Schantz, joined by her two sisters, filed an amended complaint seeking only to have the will set aside. Defendant filed a motion to dismiss, contending, among other things, that certain paragraphs of the complaint were repetitious, duplicitous and improper. Defendant's motion was allowed, and the court directed plaintiffs to amend their complaint and to omit certain improper allegations. Plaintiffs did not amend their complaint but instead, within 30 days, filed a motion to vacate the order striking the complaint. After hearing arguments on the motion the court stated that although some allegations in the complaint were proper, the majority of the language was improper. The motion to vacate was denied, but the court extended the time for plaintiffs to file an amended complaint. Plaintiffs, however, elected to stand on the complaint and an order of dismissal was entered.

Plaintiffs maintain that the amended complaint stated a good cause of action, and that the paragraphs complained of were necessary to support their claim of fraud and undue influence. In response defendant cites section 33 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 33) which requires pleadings to contain a plain and concise statement of the cause of action. Under defendant's view, the amended complaint

violates this requirement, and in light of plaintiffs' failure to amend, the order of dismissal was justified.

■■ After examining the pleadings in issue we agree with defendant that the amended complaint is neither plain nor concise. The allegations include a narrative of decedent's family history, purported conversations between decedent and a niece, and information concerning the health of the niece's husband. Within the excess verbiage and irrelevant matter, however, the essential elements of a cause of action to set aside a will are stated. Under these circumstances the amended complaint cannot be considered bad in substance, and we believe that the trial court erred in dismissing the action.

■■ Under the provisions of section 33 of the Civil Practice Act a pleading should be straight forward and concise. However the mere fact that a complaint is verbose or unduly repetitious will not operate to destroy the sufficiency. (30 I.L.P. *Pleading* § 14 (1957).) In Illinois, a cause of action may be dismissed on the pleadings only if it appears that the complaint contains no set of facts which, if proved, would entitle plaintiff to the relief sought. (*Herman v. Prudence Mutual Casualty Co.* (1968), 92 Ill.App.2d 222, 235 N.E.2d 346; *Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill.App.2d 206, 230 N.E.2d 702.) So long as the complaint contains enough information to reasonably inform the opposite party of the nature of the claim, it should be not deemed bad in substance. (*Herman v. Prudence Mutual Casualty Co.*) In this case there is no question but that the averments of the complaint were sufficient to inform defendant of the nature of plaintiffs' claim. Moreover, amidst the superfluous allegations and excess verbiage, plaintiffs have alleged facts which, if proven, would entitle them to the relief sought.

■■ In *Johnson v. Chicago & Western Indiana R.R. Co.* (1973), 11 Ill. App.3d 817, 822, 298 N.E.2d 3, this court discussed the circumstances which justify dismissal of a complaint. "[D]ismissal of a cause of action, a defense or a counterclaim is 'drastic punishment' to be imposed on a litigant and should not be done except in cases of deliberate, unwarranted or contumacious disregard of the court's authority." Although plaintiffs here ignored the court's admonitions and elected to stand on the complaint, we do not think that their action amounted to a deliberate disregard of the court's authority. Under plaintiffs' view the allegations in question were indispensable elements of their cause of action. Although the belief was erroneous, we do not consider that it was advanced in bad faith. If a litigant insists on obscuring his claim with irrelevant and inappropriate allegations, the trial court may simply disregard the improper allegations as surplusage. *Childress v. State Farm Mutual Automobile Insurance Co.* (1964), 50 Ill.App.2d 461, 200 N.E.2d 537.

Plaintiffs' next contention is that the trial court erred in striking plaintiff Schantz' petition for appointment of a special administrator to discover and recover assets. Since initiating proceedings to set aside the will, plaintiff Schantz has claimed that certain nonprobative cash assets were fraudulently obtained by defendant and should be declared part of decedent's estate. The claim was first made in Count II of the will contest complaint where plaintiff sought declaration of a constructive trust. The trial court struck the count, ruling that the action was in the nature of a citation proceeding and plaintiff, as a disinherited heir, had no standing to obtain the relief sought. The motion to strike was sustained and plaintiff subsequently filed her petition for appointment of a special administrator pursuant to section 184 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 184).

The allegations contained in the petition for appointment of a special administrator are essentially the same as those set forth in the action for declaration of a constructive trust. Additionally plaintiff complained that defendant deliberately gave false answers to certain questions on State inheritance tax forms. Defendant sought dismissal of the petition on the ground that it was a mere subterfuge to avoid the effect of the court's ruling on the suit for declaration of a constructive trust. Defendant further maintained that plaintiffs had no standing to file a recovery citation against Margaret Rach until and unless the will was set aside. Under the terms of the will Rach inherited all of decedent's estate, and, according to defendant, it is senseless to file a citation against her as long as the will stands. The court granted defendant's motion to dismiss the petition.

The citation provisions of the Illinois Probate Act (Ill. Rev. Stat. 1971, ch. 3, pars. 183, 184, 187) provide for the appointment of a disinterested person to represent the estate when the duly appointed administrator is confronted with a conflict of interest concerning his right to property as opposed to the estate's right to the same property. Under section 184 any person interested in the estate has the right to institute citation proceedings. The only issue before us is whether plaintiff, a disinherited heir, can be deemed "interested" in the estate.

■■ We have found no Illinois case defining when a person is "interested in the estate" under section 184. However, the term "interested persons" as used in the Act's will contest provision (Ill. Rev. Stat. 1971, ch. 3, par. 90) was considered by this court in *In re Estate of King* (1968), 91 Ill. App.2d 342, 235 N.E.2d 276. There the term was deemed to include legatees of a prior will who stood to inherit if the contested will was aside. Here plaintiff Schantz, an heir-at-law, will inherit a portion of the Lipchik estate if the present will is set aside. Thus, until the will contest is

decided, it cannot be said that plaintiff has no interest in discovering and preserving the estate assets. Such interest, though uncertain, is enough to bring her within the provisions of section 184, and the order of the court striking the petition for appointment of a special administrator was erroneous.

■■ In so holding, we note that when the executor is a respondent in a citation proceeding, the court appoints a guardian ad litem rather than a special administrator. (Ill. Rev. Stat. 1971, ch. 3, par. 187.) Plaintiff's request for appointment of a special administrator rather than guardian ad litem is a difference of form rather than substance and will not operate to invalidate the petition. *In Re Estate of Oliver* (1974), 21 Ill.App.3d 416, 315 N.E.2d 331.

Plaintiffs next contend that the court erred in authorizing the executor to retain counsel for the defense of the will contest and this appeal. Plaintiffs urge that the will contest created a personal interest in the executor, as sole beneficiary, and the legal services for which the court authorized payment were not in the interest of the estate. Accordingly, plaintiffs argue that the petition for attorney's fees should have been denied.

■■ The executor of an estate has a duty to defend a suit to contest the will and an appeal. (Ill. Rev. Stat. 1971, ch. 3, par. 93.) The employment of counsel is considered indispensable to the reasonable discharge of that duty (*In re Estate of Scully* (1967), 79 Ill.App.2d 368, 223 N.E.2d 735), and the court may authorize attorney's fees to be paid from the assets of the estate. (Ill. Rev. Stat. 1971, ch. 3, par. 337.) However, where the legal services are not in the interest of the estate, counsel fees must be rejected. (*In re Estate of Breault* (1965), 63 Ill.App.2d 246, 211 N.E.2d 424.) The executor has no right to involve the estate in litigation where he has reasonable grounds to believe that an order setting aside the will for undue influence would be proper. (*In re Estate of James* (1956), 10 Ill.App.2d 232, 134 N.E.2d 638.) In the present case, plaintiffs maintain that in light of Mrs. Rach's alleged fraud and undue influence, legal services to defend the will are not in the interest of the estate. Plaintiffs conclude that the executor is using estate funds to defend her own conduct and financial interests when she knows that a finding of undue influence and fraud would be proper.

■■ While we do not suggest what the outcome of the will contest may be, we cannot accept plaintiffs' argument. Their position is based on the assumption that their allegation of fraud and undue influence in the suit to set aside the will are determinations of fact. This is not the case. The executor has a statutory duty to defend the will unless she has reasonable grounds to believe the will is invalid. Plaintiffs' mere

charge of fraud and undue influence is not tantamount to evidence of the executor's bad faith or knowledge that the will is invalid. The fact that the executor has a personal interest in the estate does not render her unsuitable to serve (*In re Estate of Kuhn* (1967), 87 Ill.App.2d 411, 231 N.E.2d 97), nor should it make the allowance of attorney's fees improper.

■■ Plaintiffs also contend that the orders allowing payment of attorney's fees was improper inasmuch as there is no authorization of payment for legal services not yet performed. In *In re Estate of Breault*, this court upheld a partial interim award of attorney's fees, despite the fact that a suit contesting the validity of the will was still pending. In *In re Estate of Prominski* (1961), 33 Ill.App.2d 171, 178 N.E.2d 691 (abstract opinion), we upheld an order of the probate court authorizing attorneys' fees "for all services rendered and to be rendered." Under these cases, the trial court may properly authorize payment of attorney's fees for probate services to be performed in the future. Accordingly, the court orders permitting the executor to retain an attorney and to pay legal fees were proper.

For the reasons stated, the orders of the circuit court of Cook County authorizing payment of attorney's fees to defend the will contest are affirmed. The order dismissing the amended complaint to set aside the will is hereby reversed, and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion. The order striking plaintiff Schantz' petition for appointment of a special administrator is also reversed.

Affirmed in part; reversed and remanded in part.

McGLOON, P. J., and DEMPSEY, J., concur.