819 F.2d 174
 ESTATE OF Kathleen Ann JOHNSON, Deceased, by Charles CASTLE
and Vivian Castle, Special Administrators, and
Charles Castle and Vivian Castle,
Individually, Plaintiffs-Appellants,
v.
VILLAGE OF LIBERTYVILLE, and Sandra J. Pierce, Defendants-Appellees.
 No. 86-1851.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 23, 1986.
Decided May 18, 1987.
 
 1
 Margaret Basch, Paul W. Grauer & Assoc., Schaumburg, Ill., for plaintiffs-appellants.
 
 
 2
 Matthew A. Hurd, Chicago, Ill., for defendants-appellees.
 
 
 3
 Before WOOD and COFFEY, Circuit Judges, and GRANT, Senior District Judge.*
 
 
 4
 GRANT, Senior District Judge.
 
 
 5
 Under 42 U.S.C. Sec. 1983, Charles and Vivian Castle brought suit against the Village of Libertyville and one of its police officers, Sandra J. Pierce, to recover damages related to the death of their daughter Kathleen. The district court granted the defendants' Rule 12(b)(6) motion to dismiss for failure of the complaint to state a claim upon which relief could be granted. The Castles now appeal.
 
 
 6
 * In October 1983, Kathleen Johnson, daughter of the Castles, died after her car collided with a car driven by officer Pierce. Kathleen had been married to her husband, Michael Johnson, for only ten days. On December 22, 1983, the Circuit Court of Cook County, Probate Division, appointed the surviving husband as Administrator of Kathleen's estate. As Administrator, on January 13, 1984, Michael brought suit for wrongful death in the Circuit Court of Lake County, Illinois against the Village, officer Pierce, and others. The Castles moved to intervene, alleging that Michael was not adequately protecting their interests in the circuit court action. The motion was denied, and upon a motion to reconsider, denied again. That decision has been appealed to the Appellate Court of Illinois.
 
 
 7
 Meanwhile, Michael filed amended complaints in the state court, adding the Castles as named claimants in various counts of the wrongful death suit. The Fourth Amended Complaint is presently before the state circuit court. But despite this activity in the Lake County court, the Circuit Court of Cook County, Probate Division, in October 1985 appointed the Castles as Special Administrators of Kathleen's estate. This appointment precipitated three more lawsuits: The Castles brought an action individually and on behalf of the estate in the Circuit Court of Cook County for loss of society, medical and funeral expenses and property damage; the Castles also brought a case on the same theory of recovery before the Circuit Court of Lake County; and, further, the Castles brought this Sec. 1983 suit in federal district court for the violation of Kathleen's civil rights. The district court granted the defendants' motion to dismiss, holding that the Castles' complaint stated no basis for relief, neither in an individual capacity nor in a capacity as administrators of Kathleen's estate.
 
 
 8
 On this appeal the Castles argue it was improper for the federal district court to declare void the state court appointment of special administrators. Alternatively, the Castles contend they have standing to sue in an individual capacity for the recovery of damages resulting from the death of their child. We are aware that for purposes of a motion to dismiss, the court shall accept all allegations in the complaint as true, and the motion must be denied if relief would be available under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). But because neither of the Castles' arguments is persuasive, as we will explain, we affirm the decision of the district court to dismiss the complaint.
 
 II
 
 9
 The Castles contend "our system of federalism" precludes the federal district court from ruling that the state circuit court's appointment of special administrators was void. In doing so, the Castles argue, the district court not only acted improperly as an "appellate" court to the circuit court but also committed the error of misapplying Illinois law. The Castles concede that two administrators cannot co-exist for one estate; they contend, however, that special administrators are appointed on a limited basis to represent the estate when the administrator may have a conflict of interest, and they suggest a conflict exists here. They argue that under Illinois wrongful death law, Ill.Ann.Stat. ch. 70, para. 2, any recovery is to be distributed among the surviving spouse (i.e., Michael) and next-of-kin (the Castles), and therefore, it would be in Michael's best interest "to minimize the losses to the decedent's parents." Reply Br. at 4. The Castles offer the example of Michael's Lake County suit, which demands damages for his loss of consortium but fails to demand damages for the Castles' loss of society. In short, the Castles contend that their appointment as special administrators was proper because Michael failed to represent their interests in recovering losses arising from their daughter's wrongful death.
 
 
 10
 We reject the argument that the Castles' purported status as special administrators conferred standing to bring this Sec. 1983 suit. The Castles point out accurately that the federal district court does not sit in "review" of the courts of the sovereign state of Illinois; however, the fact of such an observation neither precludes the district court from applying the relevant law of Illinois as that law is implicated by a dispute in a federal tribunal, nor bars the district court from ruling as it has done here. The district court's dismissal of the Castles' Sec. 1983 suit is not tantamount to reversing the state circuit court; neither party has "appealed" the circuit court's decision to appoint the Castles as special administrators. Rather, in considering the Castles' Sec. 1983 suit, the district court merely determined that under Illinois law the second grant of administration was void and, therefore, the Castles had no standing as special administrators to seek damages under Sec. 1983.
 
 
 11
 Our decision in Hillyard v. National Dairy Products Corporation, 301 F.2d 277 (7th Cir.), cert. denied, 371 U.S. 841, 83 S.Ct. 70, 9 L.Ed.2d 77 (1962), accurately presented the law of Illinois on the subject of special administrators. We found in Hillyard that under Illinois law the appointment of a special administrator without prior revocation of the letters of a duly appointed executor is void. Our decision was grounded in the firm precedent that "two separate and valid grants of letters of administration cannot exist at the same time in the same court," Hutton v. Porrovecchio, 188 Ill.App. 81, 86 (1914), and "[a]n order appointing a special administrator to collect without revoking the letters of a duly qualified and acting executor is void." Id. at 87. Revocation of letters, moreover, is no trifling matter; where there is no ground for revocation in a statute, the revocation is void and the order appointing an administrator de bonis non is also void. Munroe v. People, 102 Ill. 406 (1882). Letters may be revoked for obvious reasons--the death or incompetency of the representative--and the Illinois statute enumerates an exhaustive list of other reasons for revocation, such as mismanaging the estate or acting under letters secured by false pretenses. Ill.Ann.Stat. ch. 110 1/2, para. 23-2(a). However, the revocation statute is not at issue here because nobody sought revocation of the letters naming Michael Johnson administrator of Kathleen's estate. And as surviving spouse of Kathleen, Michael is first in line under the statutory preference for letters of administration. Ill.Ann.Stat. ch. 110 1/2, para. 9-3. Thus, this leaves only the possibility that a special administrator is required because Michael has a conflict interfering with his ability to manage the affairs of Kathleen's estate.
 
 
 12
 But no such conflict exists. As Administrator, Michael Johnson brought the wrongful death action as the Illinois Wrongful Death Act requires the action to be brought, by and in the name of the personal representative of the deceased person within two years after death. Ill.Ann.Stat. ch. 70, para. 2. The cause of action is for the benefit of the deceased's estate, compensating the surviving spouse and next-of-kin for the pecuniary losses due to the decedent's death. A surviving spouse, for instance, may seek damages for loss of consortium, Countryman v. County of Winnebago, 135 Ill.App.3d 384, 90 Ill.Dec. 344, 481 N.E.2d 1255 (1985), and the parents might, in some cases, have a claim for loss of society. Compare Bullard v. Barnes, 112 Ill.App.3d 384, 68 Ill.Dec. 37, 445 N.E.2d 485 (1983), aff'd, 102 Ill.2d 505, 82 Ill.Dec. 448, 468 N.E.2d 1228 (1984) with Rusher v. Smith, 70 Ill.App.3d 889, 26 Ill.Dec. 905, 388 N.E.2d 906 (1979). Damages are apportioned among the surviving spouse and next-of-kin of the deceased according to the percentage of dependency of each such person on the deceased. Ill.Ann.Stat. ch. 70, para. 2. The Castles claim that Michael's failure to seek recovery for loss of society evinces a conflict between Michael's interests and theirs. According to the Castles, Michael has an interest in minimizing their recovery.
 
 
 13
 It is not readily clear how Michael would manipulate his position as representative to slight the Castles. The Castles' brief does nothing to relieve our sense of confusion. We are convinced, nonetheless, that whatever the theory of conflict, it is not recognized under Illinois law as warranting the appointment of a special administrator.
 
 
 14
 Under Illinois law, if the representative has a claim against the estate, the court may appoint a special administrator to defend for the estate. Ill.Ann.Stat. ch. 110 1/2, para. 18-8. But Michael has not asserted a claim against the estate. Moreover, the Wrongful Death Act authorizes appointment of a special administrator in the event the only asset of the estate is a cause of action arising under the Act, and no petition for letters of office for the estate has been filed. Ill.Ann.Stat. ch. 70, para. 2.1. However, there is no claim that provision applies here. The only other conflicts recognized by the Illinois courts warranting appointment of a special administrator are much unlike the one advanced by the Castles.
 
 
 15
 Estate of Storer v. Storer, 131 Ill.App.2d 1049, 269 N.E.2d 352 (1971), involved an auto accident wherein the administrator was the driver of the crashed car. The Appellate Court of Illinois approved appointment of a special administrator on the theory that the administrator could be a defendant in future suits brought on behalf of the estate. In re Estate of Oliver, 21 Ill.App.3d 416, 315 N.E.2d 331 (1974), recognized the conflict of an administrator who had an individual interest in claiming for herself (not the estate) a joint checking account as a surviving joint tenant, but who also had the fiduciary duty of collecting and preserving the assets of the estate. The court ordered the appointment of a special administrator to represent the estate at the hearing on a petition for citation.
 
 
 16
 In the present case, Michael Johnson has no such conflict, and he is not barred from "objective administration" of the estate. In re Estate of Phillips, 3 Ill.App.3d 1085, 280 N.E.2d 43, 46 (1972). The Castles have not alleged that Michael is a potential defendant to future suits, nor have they argued that Michael is claiming an interest for himself personally which arguably could be property of the estate. Thus, under Illinois law, Michael has no conflict which might interfere with his duty to act in the interests of the estate. Perhaps what the Castles' argument amounts to is a factual foundation for seeking revocation of the letters of Michael in the state court, since they believe their interests are not presently represented. But that question is not before this Court. Having decided that no conflict is presented for Michael Johnson as administrator, and no statutory authority exists for the appointment of the Castles as special administrators, we conclude the district court acted properly in holding that the Castles lacked standing to sue as special administrators.
 
 III
 
 17
 The Castles also argue they have standing in an individual capacity to bring a Sec. 1983 suit. Specifically, the Castles contend that the federal courts have recognized that parents may obtain redress for the killing of a child.
 
 
 18
 Indeed, a few cases have recognized a Sec. 1983 cause of action running to the parents of a deceased child upon proof of reckless conduct, notwithstanding the existence of a state wrongful death statute, See, e.g., Doty v. Carey, 626 F.Supp. 359 (N.D.Ill.1986). However, the obstacle perceived by the district court is a formidable one--the Castles' complaint did not plead any individual injuries but only sought recovery for injuries sustained by the decedent. Paragraph 3 of the complaint states that the accident "resulted in pain, suffering and death to Plaintiff's Decedent." Paragraph 8 of the complaint states that "Plaintiff's Decedent sustained numerous and diverse injuries to her person and experienced extreme pain and suffering until the time of her death on October 11, 1983." On the basis of these injuries to Kathleen, the Castles made a prayer for relief individually and as special administrators. Because of the obvious defect in failing to plead individual injury to themselves, however, the suit was dismissed at the pleading stage. Plaintiffs must assert their own legal rights and interests. Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).
 
 
 19
 The Castles now argue that the district court should have granted leave to amend the complaint. Presumably, this argument is made in terms of Fed.R.Civ.P. 15(a), which instructs that "leave shall be freely given when justice so requires." But the Castles never sought leave to amend their complaint, and the district court was therefore not required to grant it. The court held the Castles' unamended complaint "discloses no stated predicate at all for any individual claims by Castles." Order at 2. Once judgment was entered against the Castles, perhaps a second opportunity was missed when the Castles did not move for relief from the judgment on account of "mistake," "inadvertence" or "excusable neglect." Fed.R.Civ.P. 60(b). Having chosen to stand by their complaint and appeal, the Castles cannot now for the first time raise the prospect of an amended complaint. Such a strategy "justifies the affirmance of the district court's dismissal." Strauss v. City of Chicago, 760 F.2d 765, 770 (7th Cir.1985).
 
 
 20
 We have viewed the allegations of the Castles' complaint in the light most favorable to them, but because the factual allegations in the Castles' complaint fail to state a claim upon which relief can be granted, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation